STANDARD SEWING MACHINE CO. v. HENRY.

1. MOTIONS.—Where notice is given of a motion to strike out an answer as sham and frivolous, and pending such motion another notice is given of intention to rely upon certain papers in addition to those already mentioned, the second notice was only supplementary to the first.

2. AFFIDAVITS—RELEVANT FACTS.—On the hearing of a motion, an alleged letter written by defendant to one L., cannot be used against defendant, to show admission of the note in suit, without proof of defendant's signature, or that L. had some connection with plaintiffs, and when the note referred to in the letter is not the same that is sued upon, although there is the general statement that it was a renewal.

3. SHAM AND FRIVOLOUS ANSWER—MATERIAL ISSUES.—An answer cannot be stricken out as sham or frivolous where it puts in issue any of the material allegations of the complaint, as, *e. g.*, that plaintiffs were the legal owners and holders of the note sued on.

4. CORPORATION—PARTNERSHIP—DENIAL.—While a general denial does not put in issue the corporate capacity of the plaintiffs, does the same rule apply to a partnership defendant? But where the complaint alleges the names of the partners in its title, and charges that they made their promissory note, and the answer admits the execution of the note, it would seem to be an admission that they made the note as partners.

5. COSTS.—Ten dollars, motion costs to an attorney, should not be awarded since the act repealing all acts allowing costs to attorneys.

Before BENET, J., Marion, June, 1894.

Action by the Standard Sewing Machine Company against John E. Henry and J. B. Lee, partners as J. E. Henry & Co., commenced January 30, 1894. The Circuit decree was as follows:

This is a motion made by the plaintiffs herein to strike out the answer of the defendants on the ground that it is sham and irrelevant; and on the further ground that it is frivolous, and intended merely for delay. It appears that the motion came on to be heard at the April term of the court, before Judge Aldrich; but that when the fact was developed that copies of certain affidavits and letters upon which plaintiffs partly relied had not been served upon the defendants, the Circuit Judge continued the case on the docket, without, however, refusing

2—43

the motion. Subsequently, on 14th June, 1894, the following was served by plaintiffs upon the defendants (Title of cause): "The defendants, or their attorneys, Johnson & Johnson, will take notice that plaintiffs will not only rely upon what appears on the face of defendants' answer, in support of plaintiffs' motion, of which notice was given you on the 7th March, 1894, but will rely further on an original letter of defendants to S.B. Lucy, plaintiffs' manager, in the handwriting of defendant, J. E. Henry, dated Latta, S. C., July 22d, 1892, and also on affidavit of W. W. Sellers, of our firm, copies of both of which are herewith furnished. Sellers & Sellers, plaintiffs' attorneys."

At the summer term of the court it is objected by the defendants, that the original notice of motion is no longer of force, and that the foregoing paper is not a new notice of motion, nor sufficient as a notice of motion. On this point I hold that, although the foregoing paper is not a new notice of motion, it is sufficient as a supplemental notice, and that the original notice is still of force, the motion not having been heard and decided by Judge Aldrich, but simply continued with the whole case. The supplemental notice refers in terms to the original notice, and, in effect, incorporates it. The defendants, therefore, could not, and in fact did not, plead surprise. The objection is overruled.

I have examined with care the complaint and the answer, and have considered the affidavit and the letters, copies of which were served on the defendants, and I have come to the conclusion that the motion of plaintiffs should be granted, and that the answer of the defendants should be stricken out as sham and frivolous.

The New York rule has been affirmed in this State, namely, that the court has no power to strike out as sham an answer which makes a general denial. *Ransom* v. *Anderson*, 9 S. C., 439. But the answer herein does not quite make a general denial. It admits the execution of the note upon which the suit is brought, and then it denies "each and every other *material* allegation," leaving it to be afterwards settled as to what are or are not *"material"* allegations. Besides the execution of the note—which the answer admits—the complaint

alleges non-payment after the note was due and payable, and that the plaintiffs, who are the legal owners and holders thereof, are duly incorporated under and by the laws of the State of Ohio, and that the defendants are copartners trading under the firm name of J. E. Henry & Co. Not one of these allegations is specifically or directly denied by the answer. It is well settled that the defence of payment must be specifically pleaded. *McElwee* v. *Hutchinson*, 10 S. C., 438. This the answer has not done; and the plaintiffs' allegation of non-payment of the debt due has not been denied.

The plaintiffs having alleged that they are suing in their corporate capacity, if the defendants desire to question their legal capacity to sue, they should have raised the objection by demurrer. Failing this, they have waived their right to object, and the complaint is not denied as to this allegation. *Daniels* v. *Moses*, 12 S. C., 130; *Commercial Co.* v. *Turner*, 8 *Id.*, 111; *Palmetto Lumber Co.* v. *Risley*, 25 *Id.*, 309; *Steamship Co.* v. *Rodgers*, 21 *Id.*, 34. Similarly as to the allegation that the defendants are copartners. This also stands undenied. But, in addition to what is thus manifest on the face of the pleadings, it was satisfactorily shown by a letter of one of the defendants, and by the affidavit of one of the plaintiffs' counsel, that the debt sued on was a *bona fide* claim which the defendants had admitted, but which they said they did not intend to pay if they could help it. To this the defendants filed no counter-affidavits nor denial of any sort. I am, therefore, constrained to hold that the answer is sham, manifestly false, and intended only for delay, and must be stricken out.

But, even if the above ground be not tenable, I hold that the answer must be stricken out on the ground that it is frivolous. Our Supreme Court has said that "an answer may be said to be frivolous when it fails to deny any of the allegations of the complaint, or to state any new matter by way of defence." *American Co.* v. *Hill*, 27 S. C., 165. I have already given my reasons for holding that the answer before me fails to deny any of the allegations of the complaint, and it is manifest that it states no new matter by way of defence. I cannot

evade the just conclusion that the answer is frivolous, and framed merely for delay, and I must grant plaintiffs' motion.

It is, therefore, ordered and adjudged, that the answer of the defendants herein be stricken out as being sham and frivolous. It is further ordered and adjudged, that the plaintiffs have judgment, as in cases by default, in accordance with the terms of the note sued on. It is further ordered and adjudged, that the plaintiffs have judgment also for ten dollars, as their costs for this motion.

The exceptions, so far as they have any possible bearing on the points decided by this court, were as follows: I. Because, while holding that the notice, affidavit of W. W. Sellers, and alleged letter served on defendants' attorneys 14th June, do not constitute a new notice of motion, his honor holds that said papers are a sufficient supplemental notice, and erroneously, it is submitted, considers and decides the original notice and this second notice and papers annexed together, whereas the original notice was the moving paper, and the real hearing was to be on it and according to its face without supplement. II. Because it was error to consider the alleged letter of defendants without proof of its genuineness. III. Because his honor erred, it is submitted, in holding that "not one of these allegations (meaning all the allegations except the one as to the execution of the note) is specifically or indirectly denied by the answer," for it is submitted that all of the material allegations of the complaint, except the execution of the note sued on, were denied in the answer. IV. Because his honor errs, it is submitted, in holding that "the defence of payment must be specifically pleaded," without any qualification of that doctrine, such as that the complaint must, when that doctrine applies, be an ordinary complaint on a plain note, without peculiarity, while the complaint in this case is very peculiar in its terms and allegations, and the general denial here controverts the allegation of non-payment as one of the other material allegations of the complaint. V. Because his honor ignores the fact that the material allegation that the plaintiffs are, at the commencement of the action, the owners and holders of the note, is denied by the

answer, and that no proof to sustain that allegation was offered, and the original note was not shown so as to exhibit its custody by plaintiffs at the hearing.    VI. Because it was error in his honor in holding that the allegation of the partnership of defendants is not denied—saying, in effect, that partnerships stand similarly with corporations in pleadings, whereas, it is submitted, the rule is different, and that the general denial in this case puts the question of defendants' alleged partnership in issue, and that there is no proof to sustain it.    VII. Because his honor commits error in not only considering the unproved alleged letter of one of the defendants, but on it and on the affidavit of plaintiffs' counsel, both relating to a time *previous to the commencement* of the action, decrees, in effect, that no change occurred thereafter and before suit brought, and that while the answer denies nothing material, yet it is "false" and sham.    VIII. Because his honor erred further in ordering in said decree of 5th July, not only that the answer is sham, but frivolous on its face, and that it be stricken out.    IX. Because his honor ordered further, in said decree of 5th July, "that the plaintiffs have judgment as in cases by default, in accordance with the terms of the note sued on," whereas the action proper had not been reached on the docket, court had adjourned, and defendants, appellants, desired to interpose an oral demurrer to this peculiar complaint.    X. Because his honor ordered further, in the decree of July 5, "that the plaintiffs have judgment also for ten dollars, as their costs for this motion."

*Messrs. Johnson & Johnson,* for appellants.

*Messrs. Sellers & Sellers,* contra.

January 8, 1895.    The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.    This was an action to recover the amount alleged to be due on a negotiable promissory note. The allegations in the complaint are substantially as follows: that on the 10th day of August, 1893, the defendants made their promissory note in writing, whereby they promised to pay to the plaintiffs, or order, at the Merchants' and Farmers' Bank, of Marion, four months after the date thereof, the sum

of $1,226.06, together with a stipulation that if the note has to be collected by suit, the defendants would pay all costs, including ten per cent. attorney's fee; that although the said note became due and payable before the commencement of this action, yet the defendants have not paid the same; that plaintiffs are now the lawful owners and holders of the said note; that the plaintiffs have been duly incorporated under the laws of the State of Ohio, and that defendants are copartners in trade under the name of J. E. Henry & Co. The defendants answered, admitting the execution of the note sued on, but denying each and every other material allegation in the complaint.

Upon the service of the answer the plaintiffs, on the 7th day of March, 1894, served a notice on defendants' counsel of a motion "to strike out the defendants' answer in the above case as sham and irrelevant;" and, failing in that, plaintiffs will move for judgment, on the ground that "the answer is frivolous, and intended merely for delay." This motion came on to be heard by his honor, Judge Aldrich, at the April term of the court; but when the fact was developed that copies of certain papers—letter and affidavit—had not been served upon the defendants, Judge Aldrich continued the case on the docket, without, however, refusing the motion. Subsequently, to wit, on the 14th day of June, 1894, plaintiffs served a further notice on defendants, that plaintiffs "will not only rely upon what appears on the face of defendants' answer, in support of plaintiffs' motion, of which notice was given you on the 7th March, 1894, but will rely further on an original letter of defendants to S. B. Lucy, plaintiff's manager, in the handwriting of defendant, J. E. Henry, dated Latta, S. C., July 22d, 1892, and also on affidavtt of W. W. Sellers, of our firm, copies of both of which are herewith furnished."

The letter thus referred to, a copy of which is set out in the "Case," purports to be a letter of the date mentioned, addressed to Mr. S. B. Lucy, Richmond, Va., without anything in it to ·show that said Lucy was in any way connected with plaintiffs, in which it is claimed that the defendants, referring to a note, "which falls due on the 26th inst." (July, 1892), ask that the

bank be instructed to hold said note for ten days after maturity, when defendants would pay it. The affidavit of Mr. Sellers, a copy of which is likewise set out in the "Case," is to the effect that on the day upon which his firm received for collection the note mentioned in the complaint, he wrote the defendant, J. E. Henry, informing him of the same; that two days thereafter, both of the defendants appeared at the office of Messrs. Sellers & Sellers to see about the matter; that they both admitted the execution of the note, and that it was unpaid; "that it was a renewal note (think he said it was a second or third renewal); that he offered to plaintiffs to return the property purchased for which the note was given, and to pay one hundred dollars besides the return of the property; said he did not intend to pay a dollar of it if he could help it; that he had no property that could be made liable to it; that he owed other debts, that he had secured them, and then had the papers in his pocket."

Upon these papers the motion came on to be heard by his honor, Judge Benet, who filed his decree 5th of July, 1894, in which he held that the answer was both sham and frivolous, and that plaintiffs "have judgment, as in cases by default, in accordance with the terms of the note sued on," and also for ten dollars, costs of this motion. Defendants having been served with notice of the filing of this decree, gave due notice of appeal therefrom. After the service of this notice of appeal, the original summons and complaint were returned to Judge Benet, who, on the 2d day of August, 1894, made the following endorsement on the complaint: "The answer of defendants having been stricken out as sham and frivolous, it is ordered, that plaintiff have leave to enter up judgment against defendants for twelve hundred and eighty 89–100 dollars, debt and interest, and ten per cent., one hundred and twenty-eight 08–100 dollars, fees for collections by suit, according to the terms of the note sued on, and ten ($10) dollars attorney's fees for the motion, aggregating fourteen hundred and eighteen dollars and ninety-seven cents ($1,418.97), and for all other legal costs."

In pursuance of this order, judgment was entered in accordance with the terms thereof, on the 8th of August, 1894, and

the defendants gave due notice of appeal from the order for judgment above set out, as well as from the judgment entered in pursuance thereof.   We do not deem it necessary to set out *in extenso* the several exceptions upon which the appeal is based, as we propose only to consider the questions which they present, which we regard material; but we think the decree of the Circuit Judge as well as the exceptions should be incorporated with the report of the case.

We agree with the Circuit Judge, that the notice of the 14th June, 1894, was but supplementary to the original notice of the motion served on the 7th of March, 1894, and simply designed to indicate to defendants what papers, in addition to the answer, would be relied upon to sustain the motion, which had been continued at the previous term.

It seems to us, however, that the Circuit Judge erred in receiving and considering the letter purporting to have been written by defendant to S. B. Lucy, without some evidence of its genuineness, which we are unable to find in the "Case."   In addition to this, that letter could not possibly have referred to the note which constituted the basis of the present action, for that letter bears date on the 22d July, 1892, and, by its terms, refers to a note which fell due on the 26th of that month, more than a year before the note mentioned in the complaint was given.   Moreover, that letter was addressed to S. B. Lucy, who is not shown by any competent evidence to have had any connection of any kind with the plaintiffs.   It is true that, it it stated in the notice of the 14th of June, 1894, that Lucy was plaintiff's business manager, but that is a mere statement of counsel, and certainly constitutes no *legal* evidence of the fact.   In the affidavit of Mr. Sellers, which is evidence, there is no statement to that effect, and nothing to show any connection between the note referred to in the letter and the note mentioned, except the general statement that the note mentioned in the complaint was a renewal; but of what note it was a renewal there is no evidence.   It seems to us, therefore, that the Circuit Judge erred in receiving and considering the alleged letter of the defendants to the said S. B. Lucy.

We think, also, that the Circuit Judge erred in holding that

the answer should be stricken out as sham and frivolous.    The rule, as we understand it, is that an answer which denies any material allegation in the complaint cannot be stricken out, on motion, as either sham or frivolous.    If the defendant by his answer to an action on a money demand puts in issue any material allegation in the complaint, he has a right to have such issue tried by a jury.    See *Ransom* v. *Anderson*, 9 S. C., 438; *American Co.* v. *Hill*, 27 *Id.*, 164.    Now in this case the defendants, by their answer, did put in issue at least one of the material allegations of the complaint, to wit: that the plaintiffs were the legal owners and holders of the note.

While we agree with the Circuit Judge that the cases which he cites do show that the corporate capacity of the plaintiffs was not put in the issue by the general denial in defendants' answer, yet we are not prepared to admit that the same rule would apply to the allegation that the defendants were copartners.    But as it is alleged in the complaint that the defendants, who are named as copartners in the title of the complaint, "made their promissory note in writing," &c., and the defendants, in their answer, "admit the execution of the note sued on," this, we suppose, might be regarded as an admission that the note was executed by them as copartners.    *Walter* v. *Godshall*, 32 S. C., 187.

Under this view of the case it becomes unnecessary to consider those of the exceptions which impute error to the Circuit Judge in endorsing the order for judgment on the complaint after the filing of his decree, and after notice of appeal therefrom, and the entry of judgment in accordance with such order; for if, as we have seen, there was error in striking out the answer as sham and frivolous, no judgment could properly be ordered or entered until the issue presented by the pleadings had been tried by the jury.    It may be as well, however, to notice that both in order for judgment endorsed on the complaint and in the judgment entered in pursuance of such order, ten dollars are awarded to plaintiffs' attorneys as their fees for the motion to strike out the answer, in disregard of the act of 1892, entitled "an act to repeal all acts in relation to attorneys' costs."    21 Stat., 30.

The judgment of this court is, that the order and judgment of the Circuit Court be reversed, and that the case be remanded to that court for trial.