## HAWKINS v. WOOD.

1. PLEADINGS—CAUSE OF ACTION—BREACH OF WARRANTY—MOTIONS TO MAKE DEFINITE AND CERTAIN—APPEAL.—A COMPLAINT alleging breach of warranty and request of grantor to plaintiff to sue for possession of land, and in case of loss he would "pay all costs, and make good all losses," and that damages sustained are the price of the land and interest, taxed costs, taxes, surveying, and attorney's fee, states only one cause of action, and appeal from refusal of motion to make more definite by stating, in separate causes, the causes of action therein blended, is dismissed.

2. WARRANTY—DAMAGES.—ATTORNEY'S FEE is not included in damages arising from breach of warranty.

Before GAGE, J., Cherokee, February, 1901.   Affirmed.

Action by Ransom A. Hawkins against A. N. Wood. From order refusing motion to require plaintiff to make his complaint more definite and certain, defendant appeals.

*Messrs. J. C. Jeffries* and *H. K. Osborne,* for appellant, cite: *Complaint containing matters appropriate to two or more causes of action, refusal of motion is appealable:* 32 S. C., 102; 36 S. C., 559; 34 S. C., 353. *Motion made is proper remedy:* 30 S. C., 111; 50 S. C., 310; 52 S. C., 492; *and*

*upon refusal to grant motion defendant's only remedy was appeal:* 47 S. C., 28; 57 S. C., 506; 44 S. C., 143.

*Messrs. Duncan, Sanders & Hall,* contra, cite: *Complaint states only one cause of action, and hence refusal of motion is not appealable:* 24 S. C., 39; 4 Ency. P. & P., 619; 9 Rich., 374; 3 Strob., 380.

June 4, 1901. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appeal herein is from an order refusing a motion to require the plaintiff to make his complaint definite and certain by stating the causes of action separately. It will be necessary to refer to the complaint, which is as follows:

"1. That on or about the 3d day of August, 1889, the defendant in this action, one J. V. Whelchel, entered into a contract, in which the defendant bound himself to the said Whelchel to execute to him a deed of conveyance to a certain tract of land hereinafter described, upon the payment to the defendant by the said Whelchel of the sum of $910.

"2. That on or about the 12th day of December, 1889, the said bond above mentioned was assigned by the said J. V. Whelchel to the plaintiff, who took upon himself all the obligations set out in said contract and bond.

"3. That pursuant to the terms of said bond and contract, the defendant, on or about the 1st day of January, 1897, executed and delivered to the plaintiff a deed of conveyance with full covenants of warranty to the above mentioned tract of land, which is described as follows: All that certain tract or parcel of land containing 115.75 acres, more or less, * * *

"4. That after the execution of and delivery of the said deed to the plaintiff by the defendant, plaintiff ascertained that a certain portion of said tract conveyed to him by the defendant, containing nine and one-fourth acres, more or less, was claimed by and in the possession of one T. J. Campbell, who refused to surrender the same to plaintiff. Said nine and one-fourth acres having the following courses and

distances, and being described as follows, to wit: * * *

"5. That the plaintiff immediately complained of the matter above stated to the defendant, and demanded that he make good his covenant of warranty, whereupon the defendant requested and directed that the plaintiff enter suit against said Campbell for the recovery of the said portion of said tract of land, agreeing that in the event of plaintiff's losing in said suit, defendant would pay all costs and make good all loss incurred by the plaintiff.

"6. That following the requests and directions of the defendant and relying upon his agreement as above stated, and upon the covenant of warranty in his deed, plaintiff brought suit against said Campbell for the recovery of said portion of land, and that a trial was held in the Court of Common Pleas for Cherokee County, October 10th, 1899, the result of which was a verdict for said Campbell, and judgment was entered up against plaintiff in favor of said Campbell for the recovery of the possession of said nine and one-fourth acres of land of the value of $69, and for costs of said action amounting to $73.15.

"7. That the covenant of defendant's warranty in said deed has been breached by reason of the loss of said nine and one-fourth acres of land of the value of $69, and plaintiff has been damaged thereby in the said sum of $69, and that the other losses sustained by the plaintiff by reason of said suit and for which the defendant is liable according to the terms of said contract, are as follows: For surveying, $6.50; for taxes paid on said nine and one-quarter acres of land, $7.50; interest on purchase price of said land from December 12th, 1899, $53.13; attorney's fee, $30.

"8. That no part of the above amount has been paid by the defendant, and he refuses to pay the same and to make good his covenant of warranty, although the same has been demanded by the plaintiff."

The particulars in which the defendant made the motion to require the plaintiff to make the complaint definite and certain are as follows:

"First. By setting out the different causes of action stated therein more definitely and certain, to wit: by requiring you to set your cause of action for defective acreage alleged in your complaint in one cause of action, and your alleged cause of action for damages sustained by the plaintiff by reason of the alleged request and direction of defendant to enter suit in the said cause in another cause of action.

"Second. By requiring you to state in different causes of action the alleged damages for the alleged breach of covenant of warranty in the number of acres and the alleged damages arising from such breach of warranty not connected with the alleged defective acreage.

"Third. By requiring you to state in different causes of action the alleged damages of the plaintiff for the defective acreage and the alleged damages for surveying, taxes, interest and attorney's fees.

"Fourth. And for further time for answering."

His Honor, the Circuit Judge, refused the motion, and allowed the defendant to answer the complaint within ten days after the filing of said order. The defendant appeals from said order. Upon the call of the case for hearing in the Supreme Court, the plaintiff interposed an objection to the jurisdiction of the Court on the ground that the order was not appealable. Sec. 11 of the Code contains the following provisions: "The Supreme Court shall have exclusive jurisdiction to review upon appeal:

1. Any intermediate * * * order * * * involving the merits * * * *Provided,* If no appeal be taken until final judgment is entered, the Court may, upon appeal from such final judgment, review any intermediate order * * * necessarily affecting the judgment not before appealed from. 2. An order affecting a substantial right made in an action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action, and when such order grants or refuses a new trial, * * * or any part thereof, or any pleading in an action" * * * Sec. 181 of the Code is as follows: "If

irrelevant or redundant matter be inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby. And when the allegations of a pleading are so indefinite or uncertain, that the precise nature of the charge or defense is not apparent, the Court may require the pleading to be made definite and certain by amendment." Sec. 188 of the Code provides that the causes of action which may be united in one complaint must be separately stated. If a motion is made to require the plaintiff to make his complaint definite and certain by stating the causes of action separately, when the allegations of the complaint are appropriate to two or more causes of action, the refusal of such motion necessarily involves the merits. *Blakeley & Copeland* v. *Frazier,* 11 S. C., 122. It is, therefore, necessary to determine whether two or more causes of action are united in the complaint.

It is apparent that the complaint is based upon a breach of the covenant of warranty, and the particulars in which the plaintiff alleges he was damaged by such breach, are set out in the complaint. In 1824, a statute was enacted providing "that in any action or suit at law or in equity, for reimbursement or damages upon covenant or otherwise, the true measure of damages shall be the amount of the purchase money at the time of alienation, with legal interest." This statute was incorporated in the Rev. Stat. of 1873, page 562, and was amended in 1879 by adding the words, "from the time of eviction." As amended, it is set forth in the Rev. Stat. of 1893, sec. 1962. Sec. 2567 of the Rev. Stat. allows costs to deputy surveyors, and the item of $6.50 for surveying may have been taxed in accordance with the provisions of the statute; if so, it was recoverable in this action. In the case of *Jeter* v. *Glenn,* 9 Rich., 374, the Court says: "As to costs, he is right. He must recover what was recovered against him, the sum assessed and costs, with interest thereon * * * In all recoveries upon warranty where there has been eviction, and the law has prescribed the purchase money and interest as the measure of damages, the taxed costs of the

eviction are added. See 2 N. & McC., 190, 199. But there is no authority for including counsel fees in the damages recoverable upon contracts." When the breach of the covenant of warranty is only partial, the measure of damages is the proportion of the purchase money which the land recovered bore to the whole tract, with interest from the time of eviction. *McDonald* ads. *Aiken*, 43 S. C., 29, and cases therein cited. In the case of *Jeter* v. *Glenn* it is shown that the item for taxes is recoverable, if it should appear that they were an encumbrance on the land at the time it was purchased by the plaintiff. The cases just mentioned show that all the foregoing items may be recovered in an action for a breach of the covenant of warranty except the item for attorney's fee.

It is apparent from an inspection of the complaint that the only cause of action intended to be set forth, was for a breach of the covenant of warranty, and that the item for attorney's fee was alleged as constituting a part of the damages recoverable under the statute. The alleged agreement, "that in the event of plaintiff's losing in said suit, defendant would pay all costs and make good all loss incurred by the plaintiff," shows that the defendant intended to bind himself to make good only such loss and to pay such costs as were recoverable according to law.

In disposing of the item for attorney's fee, this Court merely construes the pleadings, and is not to be understood as deciding that the plaintiff may not recover the same under proper allegations.

As the order herein does not involve the merits and is not embraced within the provisions of subdiv. 2, sec. 11, of the Code, it is not appealable.

It is the judgment of this Court, that the appeal be dismissed.