BOLIN v. SOUTHERN RY. CO.

1. PLEADINGS—NEGLIGENCE—APPEAL.—Under 22 Stat., 693, a plaintiff may jumble together all acts of negligence and other wrongs in one cause of action, and an order requiring him to separate them so as to allege what acts are charged as negligent, and what as wanton, &c., is appealable.

2. IBID.—IBID.—Complaint held to sufficiently state in what manner defendant's agents wantonly, &c., pushed cars onto plaintiff's engine, and in what manner defendant failed to provide a proper lookout, lights and signals.

3. IBID.—IBID.—An allegation that defendant's agents and servants did an act, is not amenable to motion to make more definite and certain by alleging the names of the agents and servants.

Before TOWNSEND, J., Spartanburg, June, 1902.    Modified.

Action by T. A. Bolin against Southern Railway Co. From order on motion to make complaint more definite and certain, both parties appeal.

*Messrs Evans & Finley,* for plaintiff-appellant, cite: *Acts of negligence and wantonness may be stated in one cause of action:* 22 Stat., 693; 61 S. C., 170; 64 S. C., 495; 35 S. C.,

486; 42 S. C., 114; 57 S. C., 234. *Complaint must state cause of action clearly enough to inform defendant whether to deny same or not:* 6 Ency. P. & P., 249; 11 A. & E. R. R. C., 2; 61 S. C., 170; 63 S. C., 363; Code, 163-180; 4 Ency. P. & P., 607; 35 S. C., 381. *Defendant is charged with knowledge of name of its agents, and not necessary to name them:* 35 S. C., 381; 61 S. C., 170; 11 A. & E. R. R. C., 2; 22 Stat., 693.

*Mr. C. P. Sanders,* for defendant-appellant, cites: *Facts and not conclusions of law should be stated:* 34 S. C., 67; 28 S. C., 396; 47 S. C., 28; 53 S. C., 208. *The ex delicto pleading act has no application:* 64 S. C., 494. *Plaintiff's appeal is premature:* Code, 11; 42 S. C., 547; 52 S. C., 587.

February 16, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. The plaintiff and defendant are both appellants. The plaintiff appeals from that part of an order requiring him to make his complaint definite and certain in the particulars mentioned in the order. The defendant appeals because the Circuit Judge refused to require the plaintiff to make his complaint definite and certain in other particulars.

Paragraph 2 of the complaint alleges that the plaintiff was employed by the defendant as a locomotive engineer to operate a shifting engine in the yards of the defendant. The complaint in its third paragraph alleges: "That on the 26th day of February, A. D. 1902, at or about 10 o'clock in the night time, plaintiff was engaged about his duty, making up trains and shifting cars in the defendant's yard, and while so engaged, and without any fault on his part, the defendant, through its agents and servants, wilfully and wantonly, recklessly, negligently and in utter disregard of the rights of the plaintiff, caused a locomotive to push a line of freight cars with great force and violence, and without any notice whatever to plaintiff, onto the engine operated by plaintiff, in

such a manner as to collide with the said engine occupied by plaintiff in the discharge of his duty, breaking the machinery thereon and bursting steam pipes, etc., causing certain injuries to be inflicted upon plaintiff."

The allegations of the fourth paragraph are as .follows: "That by reason of the wilful, wanton, reckless and negligent acts of the defendant, its agents and servants, in causing its locomotive to push said line of freight cars onto the engine occupied by plaintiff, and the further failure of the defendant to provide a proper lookout to guard against such an accident, and to place the proper lights and signals on its said train, plaintiff had no notice whatever of its approach until his engine had been struck by the said line of freight cars, thereby breaking the steam pipes and machinery of the same, etc.," and causing the plaintiff to be injured in particulars therein named.

The defendant made a motion for an order requiring the plaintiff to make his complaint definite and certain in the following particulars:

"1. By alleging and stating definitely and certainly what acts of the defendant or its agents were wilful, what were wanton, what were reckless and what were negligent.

"2. By stating how and in what manner the defendant or its agents wilfully, wantonly, recklessly, negligently and in utter disregard of the rights of the plaintiff, caused a locomotive to push a line of freight cars with great force and violence, and without any notice whatever to plaintiff, onto the engine operated by plaintiff.

"3. By stating and giving the name or names of the agents and servants of defendant, who wilfully, wantonly, recklessly, negligently and in utter disregard of the rights of plaintiff, caused a locomotive to push a train of. freight cars with great force and violence, without any notice whatever to plaintiff, onto the engine operated by plaintiff.

"4. By stating definitely and certainly in the fourth paragraph of the complaint in what manner the defendant failed to provide a proper lookout to guard against such an acci-

dent, and by alleging what kind of a lookout should have been provided, and how and in what manner the defendant failed to place proper lights and signals on its train, and what lights and signals have been so placed."

In his order, his Honor, the presiding Judge, says: "The motion is granted as to the first particular. The motion is refused as to the second and fourth, because I think the facts are stated sufficiently definite and certain; as to these the motion is refused. The motion is refused as to the third, for the reason that defendant is charged with knowledge of the name of the agent whom he employed to manage its engine on the alleged occasion."

When the case was called for hearing in this Court, the defendant interposed the preliminary objection that the said order is not appealable. We will first dispose of that question. The act of 1898, p. 693, is as follows: "That in all actions *ex delicto* in which vindictive, punitive or examplary damages are claimed in the complaint, it shall be proper for the party to recover also his actual damages sustained, and no party shall be required to make any separate statement in the complaint in such action, nor shall any party be required to elect whether he will go to trial for actual or other damages, but shall be entitled to submit his whole case to the jury under the instruction of the Court. Section 2. That in all cases where two or more acts of negligence or other wrongs, are set forth in the complaint, as causing or contributing to the injury for which such suit is brought, the party plaintiff in such suit shall not be required to state such several acts separately, nor shall such party be required to elect upon which he will go to trial, but shall be entitled to submit his whole case to the jury under the instructions of the Court, and to recover such damages as he has sustained, whether such damages arose from one or another or all of such acts or wrongs alleged in the complaint." In *Proctor* v. *Ry. Co.,* 64 S. C., 491, it was held that this statute permits the jumbling together in one statement of all acts of negligence and other wrongs. In

15—65

*Hawkins* v. *Woods,* 60 S. C., 521, 39 S. E. R., 9, the Court uses this language: "Section 188 of the Code provides that the causes of action which may be united in one complaint must be separately stated. If a motion is made to require the plaintiff to make his complaint definite and certain by stating the causes of action separately, when the allegations of the complaint are appropriate to one or more causes of action, the refusal of such motion necessarily involves the merits." It necessarily follows that if the complaint contains but one cause of action, and the plaintiff is required to formulate his allegations so as to set out two or more causes of action, such order would involve the merits, and would be appealable. In the case of *Blakely & Copeland* v. *Frazier,* 11 S. C., 122, the Court says: "The term 'merits' is not very clearly defined. It certainly embraces more than the questions of law and fact constituting the cause of action or defense. As it regards the principles of construction, the necessary means of attaining an end stand upon the same ground of privilege as the end itself. If, then, a party is entitled to an appeal, as a means of securing a proper judgment, he is presumably entitled to such appeal in order to secure that without which the judgment could not be rightfully had. The word 'merits' naturally bears the sense of including all that the party may claim of right in reference to his case * * * It may be concluded from the foregoing that whenever a substantial right of the party to an action material to obtaining a judgment in such action is denied, a right of appeal lies to this Court." The order deprived the plaintiff of the right conferred by the act of 1898 to jumble together in one statement all acts of negligence and other wrongs, and the practical effect of the order was to compel the plaintiff to formulate his allegations so as to set out two or more causes of action, although the complaint contained but one cause of action. *Griffin* v. *Ry. Co.,* 65 S. C., 122. The order was, therefore, appealable.

We will next consider the plaintiff's exception which assigns error as follows: "1. In granting the motion of the

defendant in the first paragraph, thereby holding that said complaint 'had not stated definitely and certainly enough what acts of the defendant or its agents were wilful, wanton, reckless and what were negligent.' As the complaint alleges that defendant, through its agents, ran a train of cars backwards in a violent manner, without notice or warning or lights or signals to apprise the plaintiff of his danger, which fact constitutes wilfulness, wantonness, recklessness, etc., and that said notice of defendant to plaintiff does not confine its exceptions to any particular paragraph of said complaint; therefore, if said information is set forth in any of the allegations of said complaint, it is sufficient." This exception must be sustained for the reasons just stated.

The defendant's exceptions are as follows:

"1. In holding that it was sufficiently stated in the complaint how and in what manner the defendant or its agents wilfully, wantonly, recklessly, negligently and in utter disregard of the rights of plaintiff, caused a locomotive to push a line of freight cars with great force and violence, and without any notice whatever to plaintiff, on the engine operated by plaintiff, it being respectfully submitted that the allegations of the complaint are general and not specific, and that conclusions of law instead of facts are alleged.

"2. In ruling and holding that the allegations of the fourth paragraph of the complaint were sufficiently definite and certain in alleging in what manner the defendant failed to provide a proper lookout or guard against such an accident, it being respectfully submitted that the allegations in this particular are too general to inform the defendant of the facts upon which the plaintiff intends to rely.

"3. In not requiring the plaintiff to make his complaint more definite and certain by requiring him to allege what kind of a lookout should have been provided, and how and in what manner the defendant failed to place proper lights and signals on its train, and what lights and signals should have been so placed.

"4. In not requiring the plaintiff to make his complaint

more definite and certain by requiring him to give the name or names of the agents·and servants of the defendant, who wilfully and wantonly, recklessly, negligently, and in utter disregard of the rights of the plaintiff, caused a locomotive to push a line of freight cars with great force and violence, without any notice whatever to plaintiff, on the engine operated by plaintiff, it being respectfully submitted that the complaint in this respect is too general, and does not sufficiently inform the defendant of the facts relied on by plaintiff."

The first, second and third exceptions will be considered together. In Pom. Code Rem., section 517, it is said: "The fundamental and most important principle of the reformed pleading, the one from which all the others are deduced as necessary corollaries, is the following: the material facts which constitute the ground of relief * * * should be averred as they actually existed or took place, and not the legal effect or aspect of those facts, *and not the mere evidence or probative matter by which their existence is established*" (italics ours). Section 526 of the same work shows that "those important and substantial facts should be alleged which either immediately form the basis of the primary right and duty, or which directly make up the wrongful acts or omissions of the defendant, *and not the details of the probative matter or particulars of evidence by which these material elements are to be established* (italics ours). See, also, *Smith* v. *Smith,* 50 S. C., 54, 33 S. E. R., 583. These authorities conclusively dispose of said exceptions.

The fourth exception should be overruled, not only for the reasons just stated, but likewise for the reasons assigned by the Circuit Judge in refusing the third ground of the motion before him, to require the plaintiff to make his complaint definite and certain.

It is the judgment of this Court, that the order of the Circuit Court be modified in the particulars hereinbefore mentioned.