₁ 6680

#### EPSTIN v. BERMAN.

AMENDING COMPLAINT—DAMAGES.—Order requiring plaintiff to amend his complaint by stating with particularity and certainty, by what precise act, in what items and how and in what way plaintiff has been damaged, construed not to require him to allege special damages or evidentiary matter, but to state the particular acts and circumstances out of which his damages arose.

Before Memminger, J., Richland, December, 1906. Affirmed.

·Action by Philip Epstin *et al.* against Julius Berman *et al.* From order requiring plaintiffs to amend their complaint, they appeal.

*Messrs. D. W. Robinson* and *J. S. Muller,* for appellants, cite: 2 Green. Ev., sec. 254; 5 Ency. P. & P., 717, 719; 5 Current L., 932; 87 F., 136; 44 L. R. A., 288; 65 S. C., 228; 66 S. C., 17.

*Messrs. Melton & Belser,* contra, cite: 8 Rich. Eq., 46; 10 S. C., 480; 16 Cyc., 110; 70 S. C., 108; Hale on Dam., 23, 26, 29, 24, 25, 223; Jogg. on Torts, 80; 1 Cyc.. 660, 666; 60 S. C., 72; 6 Ency. P. & P., 274, 276; Code of Proc., sec.

181; 63 S. C., 525; 44 S. C., 46; 71 S. C., 31; 28 S. C., 397; 58 S. C., 532; 1 N. & McC., 207; 28 Conn., 212; 5 Ency. P. & P., 718, 721; 35 Ala., 626; 63 S. C., 532; 13 Cyc., 14; 31 S. C., 49.

October 5, 1907.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This appeal is from an order of Judge Memminger requiring the complaint to be made more definite and certain.   The complaint alleges substantially:

1. That The Tree of Life is a religious corporation organized by the Israelites of the city of Columbia.

2. That the plaintiffs are members and the trustees of said corporation charged with the custody and control of its property.

3. That said corporation owns a certain lot, described, with a synagogue thereon, for use by its members for divine worship.

4. "That the defendants, Julius Berman, August Kohn, J. M. Cohen, C. C. Goldstein, J. M. Epstin and August Meyer, are wrongfully claiming to be trustees of said religious body and corporation, and are assuming to act as such; and are wrongfully exercising control and custody of said lot and of said synagogue.

5. "That the plaintiffs have been damaged by the unlawful and wrongful acts of defendants in the sum of five thousand dollars ($5,000.00)."

The prayer of the complaint is that they be declared the rightful trustees of the corporation; that the claims of the defendants be declared wrongful, and they be prevented from further attempting to exercise the duties of such trustees; that plaintiffs be put in charge of said corporation; and "for five thousand dollars and costs."

Judge Memminger held that the wrongful acts alleged in paragraph four of the complaint are of the most general character and do not necessarily import substantial pecuniary damages to the plaintiffs; and that if such damages are

claimed, the particular acts and circumstances out of which such damages arise should be set forth in order to enable defendants to prepare to meet the plaintiffs' charge, and ordered plaintiffs to amend the complaint by stating with particularity, definiteness and certainty, by what precise acts, in what items, and how and in what way the plaintiffs have been damaged in the sum claimed.

The plaintiffs except to the order on substantially two grounds:

1. That defendants were not called upon to meet any claim for special damages, but general damages, such as would naturally and necessarily result from the wrongs alleged; that the effect of the order would be to require plaintiffs to allege special damages, which they do not choose to claim.

2. That compliance with the order would require plaintiffs to allege evidentiary matter.

An order to make pleadings definite and certain by amendment is appealable when it deprives the appellant of some substantial right. *Bolin* v. *Ry. Co.,* 65 S. C., 226, 43 S. E., 665; *Lynch* v. *Spartan Mills,* 66 S. C., 16, 44 S. E., 93. The Code, however, invests the Circuit Court with power to order such amendment, when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge is not apparent, and large discretion must necessarily be allowed the Circuit Court and the Court's action will not be disturbed except in a case where it clearly appears that the appellant has been prejudiced. The delay and trouble involved in appeals from orders of this character should not be encouraged by any very technical or refined criticisms of the action of the Circuit Court.

The manifest object of the Court was to require a definite statement of the acts of defendants alleged to be wrongful and resulting in damage to plaintiffs. The mere characterization of acts as "wrongful," "unlawful," does not assign any specific legal character to the acts and may generally be disregarded. *Aaron* v. *Southern Ry.,* 68 S. C., 100, 46 S.

E., 556. The acts characterized as unlawful, "claiming to be trustees of said religious body," "assuming to act as such," "exercising control and custody of said lot and synagogue," are very general and indefinite.

In *Bolin* v. *Ry. Co.*, 65 S. C., 228, 43 S. E., 665, and *Lynch* v. *Spartan Mills*, 66 S. C., 17, 44 S. E., 93, the Court approves the statement in Pom. Code Remedies that "the material facts which constitute the ground of relief should be averred as they actually existed or took place and not the legal effect or aspect of these facts, and not the mere evidence or probative matters by which their existence is established." Good pleading requires a plain and concise statement of the final, ultimate facts which constitute the cause of action or defense. While the general allegations in the complaint may be sufficient as against a general demurrer, yet the defendants, on this motion, were entitled to have a definite statement of the specific acts of wrong, so that the Court could reasonably infer resulting damage to plaintiff, and the defendants may know what particular delict is charged against them. The plaintiffs certainly must know wherein the defendants have breached plaintiffs' alleged right to the control and custody of the property, they are not required to do an impossible thing and no substantial right is taken away or impaired by the order. We do not construe the order as either requiring plaintiffs to allege mere evidentiary matter or as requiring the allegation of special damages.

General damages are such as necessarily accrue from the unlawful acts alleged and are recoverable under a general averment of damage, while special damages are such as naturally and proximately, but not necessarily, accrue from the unlawful acts alleged and are not recoverable unless specifically alleged. The complaint does not undertake to allege any special damages, and we do not interpret the order as doing anything more than requiring the plaintiff to state with definiteness and certainty the unlawful acts relied on as the basis of a claim for general damages.

The judgment of the Circuit Court is affirmed.