## 7109

### DAWKINS v. COLUMBIA ELECTRIC STREET RY. CO.

APPEAL—AMENDING PLEADINGS.—An order requiring an answer to be amended by making the denials more definite and certain is not appealable.

Before GARY, J., Richland August, 1908. Appeal dismissed.

Two actions (1) by Anthony Dawkins and (2) by Mack Dawkins against Columbia Street Railway and Power Company and Atlantic Coast Line Railroad Company. From order requiring defendant railroad company to amend its answer by making it more definite and certain, it appeals.

*Messrs. E. L. Craig, Lyles & Lyles* and *Willcox & Will-cox,* for appellant, cite: *When is a motion to make more definite proper:* Code of Proc., 181; Pom. Code Rem., 517; 65 S. C., 222; 68 S. C., 201; 74 S. C., 430; 81 S. C., 354: *Merits are involved:* 11 S. C., 132.

*Messrs. Frank G. Tompkins* and *B. F. Townsend,* contra. *Mr. Tompkins* cites: *Order is not now appealable:* Code of Proc., 181; 11 Sub., 3; 42 S. C., 547; 52 S. C., 584; 64 S. C., 226.

March 1, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. These two actions were heard together, and the appeals involve the same question.

The complaints allege that the plaintiffs were passengers on a car of the defendant, the Columbia Electric Street Railway Light and Power Company, and were injured as the result of a collision with a train of cars on the track of the defendant, Atlantic Coast Line Railroad Company.

The allegations of the complaint relative to the giving of signals, and exercising precautions, are as follows:

"That said injuries, as aforesaid, were caused to the plaintiff, as he is informed and believes, by the mismanagement, carelessness, negligence, recklessness, wilfulness, and wantonness of the defendant, Atlantic Coast Line Railroad Company, in the following respects:

a. "In that said Atlantic Coast Line Railroad Company, its agents and servants, failed to sound the whistle, or to ring the bell of said engine at a distance of 500 yards from the point its said track crosses said Gervais street, which is a public highway, and to continue ringing said bell, or sounding said whistle, until said engine had crossed said street as required by the laws of this State.

b. "In that said engine, car or train of cars, being at a standstill within a less distance than one hundred rods from

said crossing of Gervais street, the said defendant, its agents and servants, failed to ring the bell or sound the whistle at least thirty seconds before such engine, car or train of cars were moved, and to continue such ringing or sounding until said street was crossed, as required by the laws of this State.

c. "In that said defendant, its agents and servants, failed and neglected to bring said train to a stop before crossing the track of said street railway company, as required by the laws of this State.

d. "In that no brakeman was stationed at the last car of said train, and said car was not equipped with good and sufficient brakes, as required by the laws of this State.

e. "In that said defendant, its agents and servants, ran said engine, car or train of cars, upon and across said Gervais street without any warning, and failed to have any flagman, watchman, or other means or person to guard and direct said crossing.

f. "In that, as said car approached said crossing, said Atlantic Coast Line Railroad Company, its agents and servants, in charge of said engine, car or train of cars, failed to blow the whistle, ring the bell, or to give any alarm or warning as said engine, car or train of cars, approached said crossing, and failed to apply brakes or employ other means so as to stop said engine, car or train of cars and prevent said collision."

The defendant, Atlantic Coast Line Railroad Company, filed an answer in which, admitting certain formal allegations, it denied each and every other allegation of the complaint not thereinafter speciffically admitted.

Paragraph 4 of the answer is as follows: "Alleges that on the 16th day of January, 1908, one of its locomotive engines, being controlled and operated by its agents and servants in the ordinary course of business, giving and exercising all the signals and precautions required by law, approached the point described in the complaint,

where this defendant's road is intersected by the track of the Columbia Electric Street Railway, Light and Power Company, when the said car came into collision with this defendant's locomotive without any fault on the part of this defendant or its agents and servants."

The plaintiff's attorneys made a motion for an order requiring the defendant, Atlantic Coast Line Railroad Company, to make Paragraph 4 of the answer definite and certain on lines four and five of said paragraph, by stating specifically what signals and precautions it gave and exercised when approaching the point of collision set out in the complaint.

The motion was granted and said defendant appealed.

The respondent's attorneys raised the preliminary question that this Court was without jurisdiction to hear the case, at this time, on the ground that said order was not appealable.

If paragraph 4 of the answer was not definite and certain, then the order was properly granted.

But even conceding, as contended by appellant's attorneys, that said paragraph was already definite and certain, then the order did not affect the merits, and the amendment may be regarded as immaterial by the trial Judge, as its only purpose was to make the denials in the answer definite and certain and not to require the setting forth of evidentiary matter.

The rule is thus stated in *Pickett* v. *Fidelity Co.,* 52 S. C., 584, 588, 30 S. E., 614:

"It seems that the appeal has been taken under a misapprehension as to the force and effect of the order requiring the amendments. A party is compelled to amend his complaint so as to conform to an order requiring amendments to be made, but the materiality of the amendment is a question to be determined by the Judge before whom the case is tried. An order requiring amendments expends its force when the issues in conformity to it are presented upon

the trial of the case, and when thus presented, the trial Judge is as untrammeled in considering the materiality of any allegations of the complaint as if the allegations had been inserted in the first instance by the plaintiff's attorneys. In this case, no allegations of the complaint were ordered to be struck out, but the plaintiff was required to insert additional allegations. The plaintiff will, therefore, have the right upon the trial of the case to prove every fact alleged in his complaint as originally prepared, and whether he will be required to prove the additional allegations will depend upon the ruling of the trial Judge. Under these circumstances, the appeal herein is premature."

It will thus be seen that the order is not appealable.

It is the judgment of this Court that the appeal be dismissed.