## 11794

### PENDLETON v. COLUMBIA RAILWAY, GAS & ELECTRIC COMPANY *ET AL.*

#### (128 S. E., 711)

1. APPEAL AND ERROR—ORDER REFUSING TO REQUIRE PLAINTIFF TO MAKE COMPLAINT MORE CERTAIN NOT APPEALABLE, UNLESS INVOLVING MERITS.—Order refusing to require plaintiff to make complaint more definite and certain is not appealable before final judgment, unless it involves merits.

2. APPEAL AND ERROR—ORDERS REFUSING TO REQUIRE PLAINTIFF TO MAKE COMPLAINT MORE CERTAIN HELD NOT APPEALABLE.—Order refusing to require plaintiff to make complaint more definite and certain by setting out specifically city ordinances and rules, negligent breach of which was charged, and improvements and appliances, failure to furnish which was charged as negligence, *held* not to involve merits, and hence not appealable before final judgment.

3. PLEADING—DEFENDANT MAY REQUIRE PLAINTIFF TO ELECT BE-
   TWEEN SEPARATE AND JOINT ACTS OF NEGLIGENCE OF TWO OR MORE
   TORT-FEASORS.—Where complaint alleges separate and independent
   acts of negligence on part of two or more tort-feasors, severally
   capable of producing result complained of, and joint negligence
   of all defendants, whether in separate causes of action or in jum-
   bled form, defendant may require plaintiff to elect, but not if
   complaint merely alleges cooperating causes leading to result; such
   acts constituting single cause of action.

4. APPEAL AND ERROR—ORDER REFUSING TO REQUIRE PLAINTIFF TO
   ELECT BETWEEN CAUSES OF ACTION AGAINST CORPORATE AND INDI-
   VIDUAL DEFENDANTS HELD APPEALABLE.—Order refusing to require
   plaintiff to elect between alleged causes of action against corporate
   defendant for negligence in operating train, against individual
   defendant for negligence in operating automobile, and against both
   as joint tort-feasors, *held* to involve merits, and hence appealable
   before final judgment.

Before MEMMINGER, J., Richland, 1925.    Appeal dis-
missed in part and motion refused in part.

Action by R. L. Pendleton against the Columbia Railway,
Gas & Electric Company and another.  From orders refus-
ing motions to require plaintiff to make complaint more
certain, and to elect between separate and joint acts of
negligence alleged, defendants appeal.  On motion to dis-
miss appeal.  Appeal dismissed in part and motion refused
in part.

*Mr. R. B. Herbert* for appellant.

*Messrs. Frank G. Tompkins* and *Heyward Brockington*
for respondent.

June 30, 1925.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

This is a motion by the plaintiff-respondent, to dismiss
the appeal of the defendants, appellants, from an order of
the Circuit Court refusing the motions of the defendant:
(1) To require the plaintiff to make his complaint more
definite and certain, by setting out specifically the city or-
dinances and rules referred to in the complaint, the breach

of which, generally stated, is charged as negligence; (2) to require the plaintiff to make his complaint more definite and certain by setting out specifically the improvements and appliances referred to in the complaint, the failure to furnish which, generally stated, is charged as negligence; (3) to require the plaintiff to elect as between the separate and several acts of negligence charged to the defendants and the joint acts of negligence charged to them. The motion to dismiss is made upon the ground that the order refusing the defendant's motion is not appealable and that the appeal is frivolous.

1. As to so much of the order as refused to require the plaintiff to make his complaint more definite and certain: It has been uniformly held that such an order is not appealable before final judgment (*Fladger v. Beckman,* 42 S. C., 547; 20 S. E., 790; *Pickett v. Fidelity Co.,* 52 S. C., 584; 30 S. E., 614; *Dawkins v. Columbia Co.,* 82 S. C., 166; 63 S. E., 746; *Miles v. Light Co.,* 87 S. C., 254; 69 S. E., 292), unless the order involves the merits, as was held in *Hawkins v. Wood,* 60 S. C., 521; 39 S. E., 9; *Jumper v. Lumber Co.,* 119 S. C., 171; 111 S. E., 881, and *Matheson v. Telegraph·Co.,* 125 S. C., 297; 118 S. E., 617, which were cases where the matter involved was the right of the defendant to have the causes of action separately stated, one involving the merits, and in which the orders for that reason were held appealable before final judgment.

It is conceivable that a case might be presented in which the order refusing the motion to make more definite and certain might be immediately appealable, for instance, where the complaint makes a general charge of negligence, and the defendant moves to have the complaint made more definite and certain, by alleging the paritcular acts of negligence relied upon; for, in the absence of such motion, the plaintiff may offer evidence of any act of negligence, against which the defendant may not be

prepared to defend. *Spires v. Railway Co.,* 47 S. C., 28, 24 S. E., 992.

We think, however, that the order did not involve the merits, and that the case falls within the rule announced in the cases of *Lynch v. Spartan Mills,* 66 S. C., 12; 44 S. E., 93; *Moore v. Power Co.,* 68 S. C., 201; 46 S. E., 1004; *Hughes v. Mfg. Co.,* 81 S. C., 354; 62 S. E., 404; *Epstin v. Berman,* 78 S. C., 327; 58 S. E., 1013; *Cooper v. Railway Co.,* 78 S. C., 562; 59 S. E., 704; *Hix v. Belton Mills,* 69 S. C., 273; 48 S. E., 96.

2. As to so much of the order as refused to require the plaintiff to elect between the separate and several acts of negligence charged to the defendant and the joint acts of negligence charged to them: The rule appears to be this: If a complaint contains separate and independent acts of negligence on the part of two or more tort-feasors, capable severally of producing the result complained of, coupled with the allegation of joint negligence on the part of all of the defendants, whether stated in separate causes of action or in "jumbled" form, the defendant has the right to require the plaintiff to elect upon which cause of action he will rely, upon the principle announced in *McKenzie v. Railway Co.,* 113 S. C., 453; 102 S. E., 514, that joint tort-feasors cannot be sued both separately and jointly. But if the complaint simply alleges cooperating causes leading to the result, instead of several causes each sufficient of itself to produce the result, such acts constitute but a single cause of action. *Sloan v. Railway Co.,* 64 S. C., 389; 42 S. E., 197.

The case at bar cannot be distinguished from the case of *McKenzie v. Railway Co.,* 113 S. C., 453; 102 S. E., 514. That case resulted from a collision at a railroad crossing between a train of the corporation and an automobile owned and driven by the individual defendants, in which the plaintiff was riding as a passenger. The complaint contained three causes of action: (1)

Against the corporation defendant for negligence in operating the train; (2) against the individual defendants for negligence in operating the automobile; (3) against both defendants, corporation and individual, as joint tort-feasors. The Court said:

"Of course, a recovery under the second cause of action against Holler & Hairley [the individual defendants] bars a recovery under the third cause of action [against both as joint tort-feasors], for the reason that joint tort-feasors cannot be sued both separately and jointly. The two actions are inconsistent; and if the defendant had made a motion to require the plaintiff to elect whether he would rely upon the first and second causes of action (which were against the defendants separately), or upon the third (in which they were sued jointly), the motion would have been granted."

The order refusing to require the plaintiff to elect involved the merits and was appealable before final judgment.

The appeal from so much of the order as is referred to under subdivision 1, above, is dismissed; the motion so far as it affects the matter referred to under subdivision 2, above, is refused.

Mr. Chief Justice Gary and Messrs. Justices Watts and Marion concur.