13528

WELDON v. SOUTHERN RAILWAY CO. ET AL.

(166 S. E., 723)

Messrs. J. W. Boyd and Nicholls, Wyche & Russell, for appellant,

Messrs. H. E. DePass and Lanham & Lanham, for respondent,

December 2, 1932.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

The defendants herein made a motion to require the plaintiff to make definite and certain those allegations in the complaint referred to in the notice to that effect. They are stated as follows:

"(1) That you state the exact place or places, and time or times, and the divers persons, giving their names and addresses, to whom and in whose presence it is alleged slanderous and defamatory words were published.

"(2) The names and addresses of the people, business associates, and creditors before whom the defendants are alleged to have disseminated false and damaging reports.

"(3) The names and addresses of the friends, neighbors and business associates of the plaintiff upon whom the defendants are alleged to have called for information regarding the plaintiff.

"(4) The exact damaging statements, slanderous and defamatory words which the defendants are alleged to have circulated, reflecting upon the honesty and character of the plaintiff.

"(5) The names and addresses of the persons or firms with whom the plaintiff has been embarrassed and hampered in securing employment of honor and trust on account of the dissemination of said slanderous and defamatory words."

The motion was granted, and the plaintiff appeals from the order. The defendants insist that the order is not appealable, and ask that the appeal be dismissed. Both sides agree that the appeal should be dismissed unless the order involves the merits of the cause or deprives the appellant of some substantial right. *Epstin v. Berman,* 78 S. C., 327, 58 S. E., 1013; *Pendleton v. Railway, Gas & Electric Company,* 132 S. C., 507, 128 S. E., 711.

The complaint alleges a conspiracy between the defendants to so harass the plaintiff by false and malicious statements against him as to cause him to abandon a claim he had against the Southern Pacific Railway Company, not one of the defendants herein, for the loss of a trunk. It is alleged that the statements, in substance, consisted of allegations that the plaintiff had been dishonest in business dealings; had been implicated in the theft of cotton; had been guilty of fraud in the procurement of an automobile. That these statements were made by the defendant Brown to divers persons during the year 1930; such persons being business associates, creditors, friends, and neighbors of the plaintiff, and also to persons and firms with whom the plaintiff has been hampered and embarrassed in securing employment.

The briefs of counsel cite many cases where this Court has ruled on questions somewhat similar to the one herein presented. The general trend of these authorities is that where a general allegation is made and the particulars relative thereto are better known by one party, that such party has not the right to require that information of the other. Such information may be required when the party withholding it has better knowledge of such facts.

However, the first question to be considered is whether or not the order is appealable. In the *Epstin case,* and cases therein cited, the test is the deprivation of the appellant of some substantial right. In the *Pendleton case,* and cases cited, the test is the involution of the merits. We may consider either one, or both, of these tests as to the appealability of the order.

We do not see that furnishing the information, as ordered by the circuit Judge, can possibly deprive the plaintiff of any substantial right. He alone is in possession of these facts. Having seen fit to allege these facts in a partially complete form, it was only right for the circuit Judge to require more definite and certain allegations.

The alleged cause of action of the plaintiff is founded upon a conspiracy between the defendants to slander the plaintiff, resulting in the use of the slanderous statements. The certainty of the words used and to whom addressed could in no sense deprive the appellant of any substantial right. Such rights as he may have had prior to the order of the circuit Judge are just as perfect now as formerly.

For the reasons stated, it must be held that the order is not appealable, and the appeal must be dismissed.

Appeal dismissed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.