16946

THOMAS & HOWARD COMPANY, Respondent v. WILLIAM B. FOWLER and JENKINS FARR, Appellants

(85 S. E. (2d) 278)

*Messrs. James W. Workman, J. R. Flynn* and *John D. Long,* of Union, *for Defendants-Appellants,*

*Messrs. Lyles & Lyles,* of Spartanburg, *for Plaintiff-Respondent,*

January 4, 1955.

BAKER, Chief Justice.

This case has heretofore been appealed to this Court. See S. C., 82 S. E. (2d) 454.

The present appeal is from an order of the Circuit Court requiring appellants to make the counterclaim contained in their answer more definite and certain by naming the wholesalers who suddenly refused to grant appellants merchandise on credit following the recordation of a chattel mortgage of appellants to respondent covering appellants' store fixtures and stock of merchandise in their place of business in the City of Union, S. C. It was alleged in appellant's counterclaim that the respondent had fraudulently, and through the exertion of undue influence and duress upon the appellants, induced them to execute such chattel mortgage, with the distinct understanding and agreement that it would not be recorded.

The information sought by respondent and required by the order from which this appeal is taken, is wholly within the possession of appellants, and we are unable to conceive of any logical reason why such information should not be furnished the respondent. Certainly no substantial right of the appellants has been invaded.

In *Hughes v. Orangeburg Mfg. Co.,* 81 S. C. 354, 62 S. E. 404, 405, it is stated: "If the facts are exclusively or peculiarly within the knowledge of the plaintiff, more particularity should be required than *when the defendant is so circumstanced as to have full information.*" (Emphasis added.)

However, and aside from the foregoing, and at the risk of being accused of opinion writing with scissors, as was another Justice of this Court more than forty years ago, it was stated by Mr. Associate Justice Oxner in the case of *Brodgon v. Britton,* 212 S. C. 75, 46 S. E. (2d) 551, 553, "It is sometimes difficult to determine whether an order granting or refusing a motion to make a pleading more definite and certain deprives a party of some substantial right so as to make it appealable before final judgment. We think, however, that the order appealed from in the instant case is of the same class as those held not to be appealable in the following cases: *Pickett v. Fidelity and Casualty Company, supra* (52 S. C. 584, 30 S. E. 614); *Dawkins v. Columbia Electric Street Railway Company,* 82 S. C. 166, 63 S. E. 746; *Pendleton v. Columbia Railway Gas & Electric Company, supra* (132 S. C. 507, 128 S. E. 711); *Beard v. Paul Motor Company, Inc., supra* (166 S. C. 289, 164 S. E. 837); *Weldon v. Southern Railway Company,* 167 S. C. 526, 166 S. E. 723; *Spurlin v. Colprovia Products Company,* 185 S. C. 449, 194 S. E. 332; *Arctic Ice & Coal Company v. Southern Ice Company,* 194 S. C. 60, 9 S. E. (2d) 38."

The order complained of not being appealable, the appeal is dismissed.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.