PICKETT, RECEIVER, v. THE FIDELITY AND CASUALTY CO.

1. APPEAL—PLEADINGS—ORDERS TO MAKE MORE DEFINITE AND CERTAIN.—An order requiring a plaintiff to amend his complaint by making additional allegations, is not appealable before final judgment, unless it involves the merits.

2. PRACTICE—THE MATERIALITY of an amendment made to a complaint in obedience to an order, is a question to be decided by the Judge who tries the case.

Before BUCHANAN, J., Charleston, March, 1898. Affirmed.

From order requiring plaintiff to amend his complaint in M. P. Pickett, receiver of the Charleston Basket and Veneer Co., *v.* the Fidelity and Casualty Co., the plaintiff appeals.

*Messrs. Bryan & Bryan,* for appellant, cite: *On point decided:* 42 S. C., 547; 48 S. C., 182; Code, 11; 32 S. C., 106; 34 S. C., 345; 36 S. C., 559. ·

*Messrs. FitzSimons & Moffett,* contra, cite: *On point decided:* 24 S. C., 319; 3 S. C., 608; 24 S. C., 86; Code, 181; 51 S. C., 405; 38 S. C., 556; 25 S. C., 41; 110 N. Y., 646; Code, 11; 42 S. C., 547; 58 N. Y., 65, 388, 651; 39 S. C., 333; 28 S. E. R., 962; 13 S. E. R., 861; 50 Pa. R., 929; 36 S. C., 136; 17 S. C., 143; 24 S. C., 85; 13 S. E. R., 861; 15 S. C., 372; 35 S. C., 598; 25 S. C., 502.

July 7, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appeal herein is from an order requiring the plaintiff to amend his complaint by inserting certain allegations, for the purpose of making it definite and certain.

The material allegations of the complaint are as follows: 1. The first paragraph alleges the appointment of the plaintiff as receiver. 2. The second paragraph alleges the incorporation of the defendant. The third paragraph of the complaint is as follows: "3. That on the 19th day of April, 1896, the defendant made and delivered to the said Charleston Basket and Veneer Company, at Charleston, South Carolina, its employers' liability policy of accident insurance, in consideration of the sum of $52.50, then and there paid to the said defendant by said Charleston Basket and Veneer Company, and in consideration of the said sum of $52.50, said defendant agreed to indemnify said Charleston Basket and Veneer Company for the term of twelve months, beginning on the 19th day of April, 1895, at 12 o'clock noon, and ending on the 19th day of April, 1896, at 12 o'clock noon, 'against liability for damages on account of fatal or non-fatal injuries accidentally suffered by any employee or employees of the said Charleston Basket and Veneer Company while engaged in his occupation,' as set forth in said policy; and further provided 'that the company's liability for an accident resulting in injuries to, or the death of, one person is limited to $1,500, and gross liability for casualty resulting in injuries to, or the death of, several persons is $10,000,' all of which said agreements and covenants of said defendant is set forth more particularly in the said policy, numbered 48,390, a copy of which is hereto attached, marked 'exhibit A,' and made part of this complaint." The fourth paragraph of the complaint is as follows: "4. That thereafter, on the 23d day of September, 1895, Charles H. Farley, an employee of the said Charleston Basket and Veneer Company, was injured while in the employ of the said company, under the terms of the said accident policy, while working at a machine called a

rounder, on the premises of the said company, and thereby suffered the loss of his left eye." The fifth paragraph of the complaint is as follows: "5. That thereupon, on the 28th day of December, 1895, said Charles H. Farley brought an action in the Court of Common Pleas for the county of Charleston against the said Charleston Basket and Veneer Company, to enforce a claim for damages, in the sum of $10,000, for injuries received by the said Charles H. Farley, as such employee, in the running of the said machine called a rounder, on the premises of the said Charleston Basket and Veneer Company, on the 23d day of September, 1895, and on account of such accident." The sixth paragraph of the complaint is as follows: "That thereupon the said defendant, the Fidelity and Casualty Company, through its attorneys, FitzSimons & Moffett, defended the said action in the name and on behalf of the assured, the said Charleston Basket and Veneer Company." The seventh paragraph alleges the recovery of judgment by Charles H. Farley against the Charleston Basket and Veneer Company for the sum of $3,510.50. The eighth paragraph is as follows: "8. That the plaintiff and the Charleston Basket and Veneer Company have duly performed all the conditions of said contract on their part." The ninth paragraph alleges that the defendant is indebted to the plaintiff by reason of said accident in the sum of $1,500, which it has failed and refused to pay, notwithstanding said judgment has been entered up against the Charleston Basket and Veneer Company.

The appellant relied upon certain provisions of the policy to show that it is not a condition precedent to a recovery in this action to allege and prove payment of the judgment aforesaid; but, under the view which the Court takes of the case, it will not be necessary to set out such provisions.

His Honor, Judge Buchanan, upon motion of the defendant's attorneys, ordered that the complaint be amended in the following particulars, so as to make it definite and certain, to wit: "1. By annexing a copy of the alleged order appointing plaintiff receiver, as alleged in the first paragraph

of the complaint, or at least by alleging the substance of said order, showing its scope and the necessary facts authorizing plaintiff to institute this action. 2. By stating whether or not the alleged policy set forth in the third paragraph of the complaint ever passed into the possession or hands of plaintiff as an asset of said Charleston Basket and Veneer Company, or in what way and by what authority as receiver he prosecutes this action upon said alleged policy. 3. By stating whether the alleged judgment recovered against the said Charleston Basket and Veneer Company, referred to in paragraph 7 of said complaint, has ever been paid in whole or in part by the said Charleston Basket and Veneer Company. 4. By stating in what way the plaintiff, as receiver of said Charleston Basket and Veneer Company, and said company have performed all the conditions of said policy, as alleged in the eighth paragraph of said complaint, especially whether the condition precedent of payment to the assured, Charles H. Farley, has been made by them, or either of them, of the alleged judgment recovered by said Farley, in whole or in part. 5. By stating in what way defendant has breached its said contract, as alleged in paragraph 9, by alleging definitely the facts showing such breach, and particularly by alleging whether said judgment therein mentioned has been paid, or in what manner the defendant had failed and refused to indemnify the assured, as alleged, and the facts showing such failure and refusal."

The plaintiff appealed from said order upon exceptions which complain of error in ordering the complaint amended, as set forth in the third, fourth, and fifth particulars mentioned in said order.

The respondent raises the question that the order herein is not appealable. This objection is jurisdictional in its nature, and will be decided before proceeding to consider the questions raised by the exceptions. As a general rule, orders refusing or allowing amendments to a complaint for the purpose of making it definite and certain are not appealable, at least until final judgment.

*Fladger* v. *Beckman*, 42 S. C., 547. Although this is the general rule, still the amendments which a party is required to make to his complaint may be such as to involve the merits, in which case an appeal could be taken even before final judgment. Code, section 11.

It seems that the appeal has been taken under a misapprehension as to the force and effect of the order requiring the amendments. A party is compelled to amend his complaint so as to conform to an order requiring amendments to be made, but the materiality of the amendment is a question to be determined by the Judge before whom the case is tried. An order requiring amendments expends its force when the issues in conformity to it are presented upon the trial of the case; and when thus presented, the trial Judge is as untrammeled in considering the materiality of any allegations of the complaint as if the allegations had been inserted in the first instance by the plaintiff's attorneys. In this case, no allegations of the complaint were ordered to be struck out, but the plaintiff was required to insert additional allegations. The plaintiff will, therefore, have the right upon the trial of the case to prove every fact alleged in his complaint as originally prepared, and whether he will be required to prove the additional allegations, will depend upon the ruling of the trial Judge. Under these circumstances, the appeal herein is premature.

There is also another reason why the appeal should not be sustained. The only amendments required by said order were the incorporation in the complaint of additional allegations. If these additional allegations are material, then the plaintiff has not been prejudiced by said order, as otherwise the complaint would be subject to a demurrer, while, on the other hand, if it will not be necessary for the plaintiff to prove the additional allegations, then they would be regarded as mere surplusage, from which he would suffer no prejudice. Having reached the conclusion

that the order is not appealable, the questions raised by the exceptions will, therefore, not be considered.

It is, therefore, ordered, that the appeal be dismissed without prejudice to the appellant, upon final judgment, to appeal from said order, if the same be appealable.