### 8313

JONES v. ATLANTIC COAST LUMBER CORPORATION.

1. INJUNCTION.—Where an action is brought for injunction and the return raises an issue of fact to be determined on the trial and a temporary injunction is essential to the assertion or prevention of a legal right of plaintiff, a temporary injunction should be granted. Here defendant properly restrained from cutting timber under contract.

2. APPEAL.—Issues not made before Circuit Judge on motion for temporary injunction will not be considered on appeal.

3. PLEADINGS—INJUNCTION.—A complaint for injunction against cutting timber under contract, setting out the contract with its date, the number of acres conveyed, the time for cutting and the time that had elapsed, is not so indefinite and uncertain as to require amendment.

Before SHIPP, J., Marion, February and March, 1912. Affirmed.

Action by J. W. Jones against Atlantic Coast Lumber Corporation and North and South Carolina Railway Company. Defendant, Atlantic Coast Lumber Corporation, appeals.

*Messrs. Willcox & Willcox* and *M. C. Woods,* for appellant. *Messrs. Willcox & Willcox* cite: *As to granting temporary injunctions:* 69 S. C. 156; 67 S. C. 84; 87 S. C. 566; 90 S. C. 150. *An allegation of reasonable time should be made more definite:* 65 S. C. 284; 28 S. C. 396; 33 S. C. 216; 34 S. C. 67.

*Messrs. Mullins & Hughes* and *Henry Buck,* contra, cite: *Facts and circumstances should be alleged to ascertain reasonable time:* 89 S. C. 328; 90 S. C. 363. *The reasonable time should not be added to the time allowed to cut:* 90 S. C. 363, 176; 83 Am. St. R. 661; 55 L. R. A. 513; 119 Am. St. R. 709. *What is a reasonable time is a question of fact:* 89 S. C. 142; 10 Rich. 419; 2 Rich. 67; 52 S. C. 563; 78 S. C. 73; 70 S. E. 672; note 12 Am. & Eng. Ann. Cas. 919.

September 17, 1912. The opinion of the Court was delivered by

Mr. Justice Fraser. This is an action for injunction and damages. The complaint alleges that on the 7th day of January, 1899, the plaintiff's grantor, David J. Atkinson, executed and delivered to one R. L. Montague, a certain instrument of writing styled and known as a "Deed and Contract" and commonly called a "Timber Deed," bearing date on said day, whereby he purported to sell and convey unto the said R. L. Montague all the timber of every kind and description to twelve inches stump diameter and upwards, twelve inches from the ground at the time of cutting, then standing and being upon a certain tract of land, the tract of land described in the complaint, together with certain timber rights, rights of way, privileges and easements therein more specifically set forth; all of which will more fully appear by reference to said deed, a copy of which was hereto attached and thereby made a part of the complaint. That thereafter, by sundry mesne conveyances, the rights, etc., of said R. L. Montague were acquired by the defendant, Atlantic Coast Lumber Corporation. That at the time the said deed was executed and delivered, it was the intention of the parties that the grantee should at once, or within a reasonable time, commence to cut and remove the said timber and continue without cessation until said timber should have been cut and removed. No time was fixed in the deed to commence. That although a period of more than

twelve years, to wit, nearly thirteen years has elapsed and expired, neither the grantee nor his assigns had commenced the cutting and removal of said timber until the 20th September, 1911. That a reasonable time for cutting and removing of said timber had expired long before said last mentioned date. The plaintiff asked for an injunction against the defendants and for damages for the timber cut. After the service of the complaint the plaintiff moved for and obtained an injunction *pendente lite* and the defendant moved for an order making the complaint more definite and certain so as to require the plaintiff to allege the facts and circumstances upon which was based the allegation "that a reasonable time had long since expired in which to commence to cut and remove the timber." On the hearing, the defendant produced an affidavit of the plaintiff in which it was admitted that the plaintiff himself had cut some timber on said land for the defendant in 1907, and the defendant claimed that the plaintiff was thereby estopped. The plaintiff made another affidavit in which he said that while it was true he had cut some timber on the land, the cutting was for the purpose of making a tramway, also provided for by his deed and not to carry out the timber contract.

From this order of Judge Shipp granting the temporary injunction and refusing to require the plaintiff to make the complaint more definite and certain, the defendant, Atlantic Coast Lumber Corporation, appealed upon four exceptions.

I. "His Honor erred, it is respectfully submitted, upon the showing made before him in enjoining the defendant, Atlantic Coast Lumber Corporation, from cutting and removing the sawmill timber from the land described in the complaint. He should have held that, from the admitted facts appearing in the return to the rule, the cutting of the timber conveyed by Atkinson to Montague was commenced within a reasonable time, and that including the definite period of ten (10) years allowed for such cutting and removal the defendant, Atlantic Coast Lumber Corporation,

still had the right to cut the timber in question, and to exercise the other rights conveyed in the deed from Atkinson to Montague.

II. "His Honor erred, it is respectfully submitted, in not holding that plaintiff, by his active participation in cutting and removing timber from the tract of land in question, embraced within the terms of the deed of Atkinson to Montague, during the year 1907, and in failing and neglecting at that time, or at any other time until the commencement of this action, to object to the cutting, or to take the position that a reasonable time had expired, was, at the time of the commencement of this suit, estopped from taking such position. He should have held the timber deed in question to be still valid and in full force, by reason of the estoppel of plaintiff to deny its validity or to contend that a reasonable time for commencing to cut had expired."

These exceptions lose sight of the fact that the "Deed and Contract" not only conveys the timber, but also the right of way for a tramroad and a permanent road. If the cutting was for the purpose of laying the tramroad or railroad, then the cutting was not a "commencing" on the timber contract and would not estop the plaintiff. This raised a question of fact to be determined on the trial of the cause. It is unnecessary to enter upon an extended discussion. In the recent case of *McClary* v. *Atlantic Coast Lumber Corporation,* 90 S. C. 153, this Court says (quoting from *Crawford* v. *Atlantic Coast Lumber Corporation,* 77 S. C. 81, 57 S. E. 670) : "Where the action is for the sole purpose of an injunction and a temporary injunction is essential to the assertion and preservation of a legal right, if established as alleged in the complaint, it is error at law to refuse or set aside a temporary injunction." These exceptions are overruled.

III. "His Honor erred, it is recpectfully submitted, in not holding that the complaint in this action did not contain a

statement of facts sufficient to constitute a cause of action, and, for this reason, in not refusing the injunction."

This exception is practically a demurrer to the complaint. This question does not appear to have been made before Judge Shipp. The motion there was to make more definite and certain. This Court could not find that his Honor erred in not sustaining a motion upon which he was not asked to pass. This exception is overruled.

IV. "His Honor erred, it is respectfully submitted, in refusing the motion for an order requiring plaintiff to make his complaint more definite and certain by stating the facts and circumstances upon which he based his conclusion that a reasonable time for cutting the timber in question had expired. He should have held that the complaint, in the particulars mentioned, is so indefinite and uncertain that the precise nature of the charge is not apparent, and should have required plaintiff to state facts and not conclusions of law as a basis of his claim, and, on his failure to do so, should have required his complaint to be dismissed."

We have been referred to *Livingston* v. *Ruff,* 65 S. C. 284, 43 S. E. 678. Undoubtedly the Court requires a statement of the facts constituting a cause of action, but this means the ultimate facts, as distinguished from mere probative or evidentiary facts, as it is not required to state those facts which merely evidence the ultimate, basic facts upon which the action depends. It is also well settled that the allegation of a mere conclusion of law raises no issue.

The order appealed from fully answers this question. In this case the contract is set forth in the complaint with the date thereof, the consideration, the number of acres of timber and there is an allegation that more than thirteen years have elapsed since the contract was made. I think this opens the door for proof of the facts and circumstances sur-

rounding the parties when the contract was made. This exception is overruled.

The judgment of this Court is that the order appealed from is affirmed.

MR. JUSTICE WOODS *disqualified.*