8444

BELL v. JACKSON.

AMENDING PLEADINGS—APPEAL.—An order requiring a plaintiff to amend his complaint so as to state legal conclusions is on the merits and appealable. Here it is held that it is error for the Court to require a plaintiff to amend his complaint by alleging whether his action is on the note set out or on the note and the equitable mortgage set out and for foreclosure thereof, also the manner in which the plaintiff acquires a lien.

Before WILSON, J., Marlboro, May, 1912. Reversed.

Action by J. P. Bell against J. W. Jackson. Plaintiff appeals.

The complaint and order in question are:

I. "That the defendant, J. W. Jackson, heretofore, on the 24th day of August, A. D. 1912, executed and delivered to plaintiff his promissory note, of which the following is a copy:

$23,500.                          Dillon, S. C., August 24th, 1911.

On the 1st day of December, after date, I promise to pay to the order of J. P. Bell, twenty-three thousand five hundred and no-100 dollars.

Value received.     Payable at the Farmers & Merchants Bank of McColl.     To be discounted at the rate of eight per cent. per annum, and if not paid at maturity to bear interest thereafter at the rate of eight per cent. per annum, and agree to pay all costs of collection, including ten per cent. attorney's fees, if not paid when due.     J. W. Jackson.

II. "The said note is a purchase money note, and was given to plaintiff to secure the unpaid purchase money of the following described land, to wit: (here follows description.)

III. "That at the same time the said note was given, to wit, on the 24th day of August, 1911, and as a part and parcel of the same transaction, the said J. W. Jackson executed an instrument in writing to plaintiff, by the terms of which, among other things, he acknowledged and agreed that the twenty-three thousand five hundred dollars, set out in the note above mentioned, represented the unpaid purchase price of the land hereinabove described, and was given to secure the payment of the unpaid purchase price of said land, and that the said land was to stand good for the purchase money thereof, the amount of which is set out in the above mentioned note.

IV. "That the above mentioned note, according to the terms thereof, became due and payable on the 1st day of December, A. D. 1911.

V. "That no part of said sum of twenty-three thousand five hundred dollars, to wit, the purchase money of the land

above described, has been paid, except the sum of three thousand six hundred and eight dollars and eighty-eight cents, on the 8th day of September, 1911; which said payment has been duly credited on the said note.

VI. "That by the terms of the said note the said J. W. Jackson agreed to pay all costs of collection, including ten per cent. attorney's fees, if the said debt was not paid when due. That there is now due, outstanding and unpaid, on the purchase price of said land, the sum of nineteen thousand eight hundred and ninety-one dollars and twelve cents, and interest thereon from the 1st day of December, 1911, at the rate of eight per cent. per annum, and in addition thereto ten per cent. of the whole amount involved as attorney's fees, as provided in said note.

"Wherefore, plaintiff prays judgment against the defendant:

(1) "For the sum of nineteen thousand eight hundred and ninety-one dollars and twelve cents, and interest thereon from the first day of December, 1911, at the rate of eight per cent. per annum.

(2) "For ten per cent. of the whole amount involved, as attorney's fees, according to the terms of the said note.

(3) "That the entire sum for which judgment is given herein be declared by the Court to be for the unpaid balance of the purchase money for the tract of land hereinbefore described, and to be and constitute a mortgage on said land for the purchase money thereof.

(4) "That the defendant, and all persons claiming under him, be forever barred and foreclosed of all rights, title, and interest, and equity of redemption, in the premises hereinbefore described, or any part thereof.

(5) "That the said premises be sold, under the order and direction of this Court, and the proceeds of said sale, after deducting the costs and expenses of this action, and of such sale, and any taxes that may be a lien upon the premises, be applied to the amount due upon the note hereinbefore men-

tioned, with interest on the same from the 1st day of December, 1911, at the rate of eight per cent. per annum, until paid, as provided by said note, and in addition thereto the sum of ten per cent. of the whole amount involved, as attorney's fees, for the collection of said note, as provided therein."

### ORDER.

"This matter comes before me, upon a notice duly served upon the plaintiff's attorney, on a motion to make the complaint in the above entitled action more definite and certain in the particulars mentioned and set forth in the said notice.

"After hearing the argument of counsel, and upon motion of D. D. McColl, Jr., attorney for the defendant above named, it is ordered that the said plaintiff do make his complaint more definite and certain, by stating whether or not the alleged cause of action attempted to be set up in the said complaint is based upon the promissory note therein mentioned, or whether the said cause of action is based upon a real estate mortgage.

"It is also ordered that the plaintiff be required, in the event that he bases his said cause of action upon a real estate mortgage, or a contract in the nature of a real estate mortgage, to set forth definitely and clearly the terms and contents of the said mortgage or agreement, also such other facts as may be necessary to enable the defendant to know what is the exact nature of the instrument of writing relied upon by the plaintiff as the basis of his cause of action.

"It is also ordered and adjudged that the plaintiff be required to make his complaint more definite and certain by showing the manner in which the written instrument, constituting the basis of plaintiff's cause of action, is claimed to give to the said plaintiff a lien upon a tract of land described in the complaint; and also, that the plaintiff be required to allege with definiteness and certainty such facts as the plaintiff relies upon to establish a lien upon the said tract of land

and to entitle the said plaintiff to maintain this action in the county of Dillon, where the said land lies.

"It is also ordered and adjudged that the plaintiff be required to allege with more definiteness and certainty at what time and in what manner the defendant made the payments alleged in paragraph five of said complaint; and also, that the plaintiff be required to allege with definiteness and certainty the nature and contents of the written instrument upon which the plaintiff relies as the basis of his cause of action, and to allege with definiteness and certainty whether or not the promissory note mentioned and described in the complaint is the only written instrument upon which plaintiff relies as the basis of his cause of action, and that the plaintiff allege definitely and clearly the nature and contents of any other written instrument relied upon by him as the basis of the cause of action in this case.

"It is also ordered and adjudged that in the event that the plaintiff does not allege the existence and execution of any other written instrument except the promissory note set up in the complaint, that so much of his complaint as attempts the enforcement of a specific lien upon the said tract of land by a sale of the same be, and the same is hereby, declared irrelevant and redundant and be stricken out upon the motion of the plaintiff.

"The plaintiff is required to show clearly and definitely, by his complaint, whether he intends to institute a suit against the defendant upon a mere promissory note, or whether he intends to seek the foreclosure of a real estate mortgage, or some paper in the nature of a real estate mortgage; and if plaintiff seeks to foreclose a mortgage, or a paper in the nature of a real estate mortgage, he must, by proper allegations, describe the same with sufficient clearness and definiteness that the defendant may be able to make answer thereto; that defendant have twenty days after service of said amended complaint within which to answer same."

*Mr. J. W. LeGrand,* for appellant.

*Messrs. McColl & McColl,* contra.

March 14, 1913.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   The order involves the merits, and is, therefore, appealable.   *Pickett* v. *Fidelity Co.,* 52 S. C. 584, 30 S. E. 614.

Section 192 of the Code of Procedure, 1912, says that "the complaint shall contain a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition." The only fault that can be found with the plaintiff's complaint is that it lacks conciseness, and contains too much repetition.   He stated the facts constituting his cause of action.   The order of the Circuit Court requires him to add allegations of law, to wit, whether his action is legal or equitable; that is, whether it is an action on the note set out in the complaint, or an action on the note and equitable mortgage alleged in paragraph 3 of the complaint, and for the foreclosure thereof; also, the manner in which said written instrument is claimed to give plaintiff a lien.   These are questions for the Court.   The order also requires him to set forth in the complaint at least a part of the evidence upon which he relies to prove the facts alleged.   Evidentiary matter ought not to be set out in the pleadings. They should contain only allegations of fact—naked facts, accompanied by as few modifying adjectives as the exigencies of the case will permit.

Defendant knows, or ought to know, what instruments he gave plaintiff.   If he has forgotten their terms, the Code of Procedure provides a method whereby he may obtain an inspection and copy of them.

Order reversed.