13443

BEARD v. PAUL MOTOR COMPANY, INC., *ET AL.*
THIGPEN v. SAME

(164 S. E., 887)

*Messrs. A. T. Smythe, Wilcox, Hardee & Wallace* and
*A. R. McGowan,* for appellants,

*Messrs. Truluck & Truluck* and *Logan & Grace,* for respondents,

July 1, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

These three cases arose out of the same occurrence. On June 1, 1929, at Lake City, S. C., Robert Beard, Henry Thigpen, and Harvey Beard, who were riding in a Chevrolet automobile, were killed in a collision between that car and a Lincoln automobile in which the defendants Grooms and Dangerfield were riding, and which was driven by the latter. A few days later, the administrators of the estates of Robert Beard and of Henry Thigpen brought suits against Grooms, Dangerfield, and Paul Motor Company to recover for the death of their respective intestates. The defendant Paul Motor Company demurred to the complaints, and the demurrers were sustained. Thereafter, plaintiffs filed amended complaints, and a similar suit was begun by the administrator of the estate of Harvey Beard. The two amended complaints and the complaint in the *Harvey Beard case* are identical, except for the allegations as to the plain-

tiffs and the beneficiaries of the suits and the amounts sued for.

The amended complaint in the *Robert Beard case* alleges plaintiff's appointment and qualification as administrator; the corporate existence of the defendant Paul Motor Company and that it "owns and operates a business in the City of Charleston for among other purposes, the sale of automobiles"; that "on the night of the first day of June, 1929, plaintiff's intestate, Robert Beard, was riding with his son, Harvey Beard, in a Chevrolet car on Main Street of Lake City, and when they entered the Coastal Highway at a point where State Highway No. 341 intersects with said Coastal Highway, defendants, G. W. Grooms and R. B. Dangerfield, traveling, as agents of said Paul Motor Company, Inc., north on the said Coastal Highway, in a high powered Lincoln touring car, the property of said defendant, Paul Motor Company, Inc., with Motor Number 34898, and driving said car at a very high, rapid and dangerous rate of speed, unlawfully, negligently, carelessly and recklessly drove said Lincoln car into the car in which plaintiff's intestate, Robert Beard, was riding, causing the death of the said plaintiff's intestate, said Robert Beard, almost immediately"; that the Lincoln car, at the time of the accident, was being used in and about the company's business, and the defendants, Grooms and Dangerfield, were at that time acting as agents of the company "in promoting its business, by endeavoring to make a sale or trade-in of the said Lincoln touring car"; and that defendants were jointly and concurrently negligent, careless, reckless, and wanton in the acts complained of, which were the direct and proximate cause of the death of plaintiff's intestate.

The defendants Paul Motor Company and Grooms thereupon served on plaintiffs notice of a motion to require the complaints to be made more definite and certain:

(a) By setting out the circumstances under which the defendants Grooms and Dangerfield had been constituted

agents for the defendant Paul Motor Company; what representative of the company constituted them its agents;. what was the nature of their agency and the scope thereof; in what manner and particulars they were acting as agents of the company; what they were doing in the scope of their agency and in what way they were promoting the business of the company.

(b) By setting out the particulars in which the defendants were jointly and concurrently negligent, careless, reckless, and wanton as alleged in the complaint.

Judge Grimball passed an order refusing the motion, and defendants appealed. At the May term of this Court, counsel for respondents made a motion to dismiss the appeal on the ground that the order was not appealable, and we shall consider the motion and the appeal together.

As stated by appellants, the exceptions raise but two questions, these questions corresponding to the two respects in which it was sought to have the complaint made more definite and certain:

(1) Did the Court err in refusing to require the plaintiffs to make their complaints more definite and certain by setting out the nature of the agency that was alleged to have existed between the defendant Paul Motor Company, Inc., and the defendants G. W. Grooms and R. B. Dangerfield, under what circumstances they had been constituted agents, and by whom so authorized to act as such agents?

(2) Did the Court err in refusing to require the plaintiffs to make their complaints more definite and certain by setting out the particulars in which the defendants were jointly and concurrently negligent, careless, reckless, and wanton?

As to the first question, Judge Grimball's order is not appealable before final judgment, as it does not involve the merits. But even if it were so appealable,

there was no error. The ultimate fact to be proved is the agency of Grooms and Dangerfield for the Motor Company, and this fact is sufficiently alleged. The amendment sought relates entirely to evidentiary matter, which should not be included in the pleadings. *Jones v. Atlantic Coast Lumber Corporation*, 92 S. C., 418, 75 S. E., 698; *Bell v. Jackson*, 93 S. C., 556, 78 S. E., 679; *Black v. State Company*, 99 S. C., 432, 83 S. E., 1088. Further, the matters as to which amendment of the complaint was sought are peculiarly within the knowledge of the defendant. *Hughes v. Manufacturing Company*, 81 S. C., 354, 62 S. E., 404.

As to the second question, while Judge Grimball's order is appealable because it involves the merits (*Blakely v. Frasier*, 11 S. C., 122; *Spires v. Railway Company*, 47 S. C., 28, 24 S. E., 992; *Pendleton v. Gas & Electric Company*, 132 S. C., 507, 128 S. E., 711), the appeal cannot be sustained. The complaints state one respect in which the defendants were negligent and reckless, and, as conceded by counsel for respondents, have narrowed down the acts of negligence and recklessness charged to "driving said car at a very high, rapid and dangerous rate of speed"; on trial the evidence would be correspondingly limited.

As our decision must be in favor of the respondents, it will not be necessary to consider their exception to Judge Grimball's order settling the "case" for appeal.

The judgment of the Circuit Court is affirmed.

Mr. Chief Justice Blease, and Messrs. Justices Carter and Bonham, and Mr. Acting Associate Justice W. C. Cothran, concur.