14600

WALKER v. PREACHER *ET AL.*

(194 S. E., 868)

Mr. A. C. DePass for appellant, cites:

*Messrs. Randolph Murdaugh* and *H. Klugh Purdy,* for respondents, cite:

January 11, 1938.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This appeal is from an order in the Circuit Court vacating a warrant of attachment procured from the Clerk of Court for Beaufort County, based on an affidavit and cross-complaint of the defendant, W. B. Preacher, appellant here, against his co-defendants, Paul Boykin and Robert Boykin, respondents here, it being alleged in the affidavit, amongst other things, that respondents are non-residents of the State of South Carolina, but owned personal property within this State subject to the jurisdiction of this Court, and were about to remove their property or a portion of it from the State, etc.

The cross-complaint of appellant admits and alleges an oral agreement with the plaintiff, J. B. Walker, whereby appellant acquired in May, 1935, the right to go upon certain lands of Walker known as Rose Hill Plantation, and to cut and remove from said land the sawmill timber for which he was to pay the sum of $2.50 stumpage, mill cut, as said timber was cut, said money to be paid every two weeks; that notwithstanding appellant's rights of ownership thereto, and over his violent protest, the plaintiff (Walker) did attempt to make sale of all of the swamp land timber on Rose Hill Plantation, approximately 250,000 feet, to the

respondent, Paul Boykin, on or about the 6th day of May, 1937, "with full and complete notice, *actual,* inferential and of sufficient facts to put the said Paul Boykin, as a contemplated purchaser of said timber, upon notice of defendant's vested rights in and to said timber.  *   *   *  " The cross-complaint further alleged that respondent Robert Boykin was the agent or co-partner of Paul Boykin; that the rights of appellant to this timber were *known* by the respondent Paul Boykin prior to his a t t e m p t e d purchase from Walker of the timber.

The action, in so far as the cross-complaint of appellant against respondents, is one in tort for damages for trespass, after notice, upon his (appellant's) p r o p e r t y rights and vested interest in the sawmill timber on Rose Hill Plantation.

A motion to vacate and set aside the attachment on the grounds that the answer and cross-complaint and affidavit of appellant "does not state facts sufficient to constitute a cause of action, or facts, sufficient to warrant attachment in that they show upon their face: (1) that the said defendant, Paul Boykin, is a purchaser for value without notice, in that no facts alleging notice are therein contained, and that the allegations made as to notice are conclusions of law; (2) that this is an action at law, based upon an oral contract for the lease or sale of real estate; (3) that it is brought to enforce an oral contract that was not to be performed in a year; (4) that it is brought to enforce an oral contract for a lease of real property for more than a year," was granted by the Circuit Judge on the first ground stated, but the other grounds of the motion were overruled.

The case of *Williamson v. Eastern B. & L. Ass'n,* 54 S. C., 582, 32 S. E., 765, 71 Am. St. Rep., 822, holds that on a hearing of a motion to dissolve an attachment the Circuit Judge may decide if the plaintiff has an existing cause of action. The right of attachment is intended as ancillary to the collection of anticipated judgment,

and unless the complaint states a cause of action for which a recovery can be had, a writ of attachment in the cause should be vacated.

We do not understand that respondents are taking the position that resort may not be had to the allegation of the complaint where the affidavit in attachment purports to incorporate the verified complaint. We will therefore treat the affidavit and the complaint as furnishing the base for the attachment writ.

"The complaint shall contain: * * * (2) A plain and concise statement of the facts constituting a cause of action, without unnecessary repetition." Section 456, Code of 1932.

Construing this subdivision of the Code, Mr. Justice Hydrick, writing the opinion of the Court in *Bell v. Jackson,* 93 S. C., 556, 78 S. E., 679, 681, stated: "Evidentiary matter ought not to be set out in the pleadings. They should contain only allegations of fact—naked facts—accompanied by as few modifying adjectives as the exigencies of the case will permit."

In *Jones v. Atlantic Coast Lumber Corporation,* 92 S. C., 418, 75 S. E., 698, 699, it is stated: "Undoubtedly the Court requires a statement of the facts constituting a cause of action; but this means the ultimate facts, as distinguished from mere probative or evidentiary facts, as it is not required to state those facts which merely evidence the ultimate, basic facts upon which the action depends. It is also well settled that the allegation of a mere conclusion of law raises no issue."

See, also, *Beard v. Paul Motor Co., Inc.,* 166 S. C., 289, 293, 164 S. E., 837, citing, among others, the above cases.

The complaint alleges notice, *actual* to the respondent Paul Boykin, in sub-division (b) of Paragraph 5. It would be evidentiary to state who gave the actual notice, and the words used in giving such notice. Of course, as to the notice attempted to be alleged other than the *ac-*

*tual* notice, a cause of action has not been stated; the allegations thereabout being merely conclusions of law. *Epps et al. v. McCallum Realty Co.*, 139 S. C., 481, 138 S. E., 297. Again, in said subdivision (b) of the complaint, it is alleged that prior to the purchase of the timber by the respondent Paul Boykin the r i g h t s of this appellant were *known* by him. It would be evidentiary to set forth the source of said respondent's knowledge, or the facts showing that the rights of appellant were known by respondent.

"  *   *   *   An averment of·knowledge does not state a conclusion of law." 31 Cyc.; 58.

"  *   *   *   When a person knows of a thing he has 'notice' thereof, as no one needs notice of what he already knows." 20 R. C. L., par. 6, p. 344.

It would therefore appear to have been error to dismiss or vacate the attachment upon the ground stated.

However, respondents urge that the judgment below should be sustained upon the additional grounds of the motion to vacate, which grounds have hereinbefore been set out.

The Circuit Judge passed upon and specifically overruled these grounds. The judgment being favorable to respondents, there was no cross-appeal therefrom, and appellant takes the position that respondents are precluded from having such grounds considered by this Court.

The charter procedure for settling the "case" for appeal was not followed. Printed in the transcript of record between the order of Judge Johnson, and the "Exceptions" of appellant, under the heading, "Additional Grounds Upon Which the Respondents Will Ask the Court to Sustain the Judgment Below," are the three grounds urged upon the Circuit Judge, and by him specifically o v e r r u l e d. The "Agreement" at the conclusion of the transcript is in the following unusual form: "It is hereby agreed that printed copies of the case for appeal as finally determined in this cause, shall constitute the return of both the Court of Com-

mon Pleas of Beaufort County and the Supreme Court of South Carolina. November 1st, 1937."

We quote from the case of *Wilson v. Southern Ry. Co.*, 123 S. C., 399, 406, 115 S. E., 764, 766:

"The remaining exceptions are directed to the assignment of alleged errors in the admission of testimony and in the Judge's charge to the jury. The appellant's position in this Court, in that the objective of her appeal is to set aside a verdict in her own favor, is a somewhat anomalous one. By the terms of our statute law (Section 376, Code Civ. Proc., 1912) the right of appeal is accorded only to a 'party aggrieved.'

" 'Although there are exceptional cases, the general rule is that a plaintiff or defendant cannot appeal or prosecute a writ of error from or to a judgment, order, or decree in his own favor, since he is not aggrieved thereby,' etc., 3 C. J., p. 365, § 495.

"See *Brock v. Kirkpatrick*, 72 S. C., 491, 52 S. E., 592.

"If it be conceded that an exceptional case is presented where a finding or verdict is favorable in form to a party, but does not give him all he is entitled to, or is otherwise prejudicial to his legal rights, the aggrieved party should present that question to the trial Court in the first instance, and the appeal should be taken from the refusal to set aside or correct the verdict. See *Gunter v. Fallow*, 78 S. C., 457, 59 S. E., 70".

The "additional grounds" may be considered by this Court under Section 8 of Rule 4 of its rules.

The first "additional ground" raises the question as stated by respondents: "Can an action at law be maintained for damages for the cutting of timber against the grantee of timber where the party bringing the action claims the timber under an oral contract with the common grantor?"

We have not deemed it necessary to set out a complete history of this case. In fact, to have done so, it would have required going out of the record and accepting statements

in the briefs of counsel, While no doubt these statements are true in every respect, yet they have no bearing on the issues now before the Court, and again, we are confined to the transcript of record. Regardless of what this action may have been in the beginning, it is now nothing but an action at law to recover damages, and has as its basis a parol contract for the purchase of standing timber (real estate). It is not an action for the specific performance of a contract.

We quote so much of Section 7044 of the Code of 1932 as is applicable: "No action shall be brought * * * upon any contract or sale of lands, tenements or hereditaments, or any interest in or concerning them * * * unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some person thereunto by him lawfully authorized."

We see no reason for entering upon a lengthy discussion of this question. The case of *White v. McKnight,* 146 S. C.; 59, 143 S. E., 552, 59 A. L. R., 1297, definitely holds that no action at law for damages can be maintained for the breach of an oral agreement to sell real property, and that part performance is of no aid.

The sole basis of any claim of right to the timber in question by appellant is an oral agreement with the common grantor, and the statute (7044) specifically prohibits an action being brought "upon any contract or sale of lands, tenements or hereditaments, *or any interest in or concerning them* * * * unless the agreement upon which such action shall be brought * * * shall be in writing." (Italics added.)

On the first sustaining ground (the second ground of the motion to vacate the attachment), the judgment of the Circuit Court is affirmed.

> The appellant having prevailed in so far as his exception to the ground upon which the Circuit Court based the judgment appealed from, the taxable costs

of this appeal should be borne by the appellant and respondents equally, and it is so ordered.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.

### ON PETITION FOR REHEARING

*Per curiam.*

The opinion in this case should have been more explicit as to the basis for the holding. While this is an action *ex delicto,* the equitable right alleged to have been invaded arose out of an unenforceable contract; and to allow an action to be maintained against the grantees of the timber for the cutting thereof when appellant could not have maintained an action against the grantor, the one through whom appellant claimed the equitable right to the timber, had the grantor cut the timber, would indeed be an anomalous situation.

Let this order be published with the opinion heretofore filed.

Petition for rehearing refused.