16054

## BROGDON v. BRITTON *ET AL.*
### (46 S. E. (2d) 551)

*Messrs. Nash & Wilson* and *M. M. Weinberg,* of Sumter, and *Mr. James Hugh McFaddin,* of Manning, for Appellants,

*Mr. John G. Dinkins,* of Manning, for Respondent,

March 4, 1948.

OXNER, Justice: This is an appeal from an order requiring appellants to make their answers more definite and certain.

The suit was brought for the recovery of damages alleged to have resulted from the sale to plaintiff by defendants of two cows infected with brucellosis, commonly known as Bang's disease. Plaintiff alleges in his complaint that the defendants are closely related and live in the same community, only a short distance from his residence and the dairy which he operated in Clarendon County; that during 1944 the two cows mentioned were inspected by the State Veterinary Department and one of them found to be positively infected with brucellosis and the other suspected of the same condition; that defendant J. B. Britton, Jr., who then owned these cows, was advised of their condition and

should have had them isolated and quarantined until the one showing a positive infection could be slaughtered and the other further examined; that instead of doing so, he "in some way not known to the plaintiff, but known to each of the defendants," placed the cows "in circulation" by moving them from his premises to the premises of his co-defendants, Ben Britton and Rembert Britton, who had full knowledge of their condition; that the defendants entered into a "plan or scheme" to sell said diseased cows as suitable for dairy purposes in order to obtain a better price; that in 1946 they were offered for sale to the plaintiff by the defendant, J. C. Britton, individually and as agent for the other defendants, and represented to be healthy and suitable for dairy purposes; that the plaintiff in good faith purchased said cows for use in his dairy where they were allowed to mingle with his valuable herd which was free of brucellosis; that a short time thereafter a number of his cows became infected and had to be quarantined, slaughtered and sold at a great sacrifice; that this fact became generally known in the community where his milk was sold; and that as a result his reputation as a dairyman has been greatly damaged and his business practically ruined and destroyed.

The defendant, J. B. Britton, Jr., after admitting in the first defense of his answer that the two cows were examined and found infected and that he was notified of their condition, alleges in paragraph two "that the said cows were isolated; that the party in charge of said cows when so isolated was notified that the same could be sold only for slaughter, and that the said cows were not sold by and with the consent of this defendant, and if the same were sold for other than slaughter purposes, it was without the knowledge or consent of this defendant; that this defendant especially denies that he knew said cattle were being sold or had any part therein." He further alleges in paragraph five of the first defense of his answer "that he was not the owner of the two cows mentioned in the complaint, that he did not sell said cows,

that the said cows were quarantined and on being quarantined, instructions were given that the same were not to be sold except for slaughter."

The plaintiff moved to require J. B. Britton, Jr., to make his answer more definite and certain in the following particulars: (1) "By stating in paragraph II of the first defense, who was in charge of the said cows when isolated and who owned said cows at said time and who gave the instructions for them to be slaughtered"; and (2) "By stating in paragraph V of the first defense who quarantined the two cows and who gave instructions about selling them only for slaughter, and who was the owner thereof at said time."

The defendants Rembert Britton and Ben Britton filed identical answers. After admitting in paragraph one certain formal allegations of the complaint, each of these defendants alleged:

"2. That this defendant purchased cattle in good faith and sold the same·in good faith.

"3. That this defendant denies each and every allegation in said complaint inconsistent with the above and specifically denies that he had any knowledge of any defect or disease in said cows."

The plaintiff moved to require each answer to be made more definite and certain "by stating in paragraph 2 of the answer which cattle the defendant purchased and from whom, and for what purpose they were purchased, and to whom they were sold and for what purpose they were sold, and if they were the two cows referred to in the complaint."

All of the foregoing motions to make more definite and certain were granted by the Court below, and the defendants, J. B. Britton, Jr., Ben Britton and Rembert Britton, have appealed upon the ground that the order requires them to plead "evidentiary matters, thereby depriving defendants of a substantial right."

The first question to be determined is respondent's contention that the appeal should be dismissed because the order is not appealable before final judgment. It is well settled that an order granting or refusing a motion to make a pleading more definite and certain is not · appealable before final judgment unless it involves the merits. *Pickett v. Fidelity & Casualty Co.*, 52 S. C. 584, 30 S. E. 614; *Pendleton v. Columbia Railway, Gas & Electric Co. et al.*, 132 S. C. 507, 128 S. E. 711; *Beard v. Paul Motor Co., Inc., et al.*, 166 S. C. 289, 164 S. E. 837. It has been uniformly held that such an order will be regarded as involving the merits when it deprives a party to an action of some substantial right. *Bolin v. Southern Railway Co.*, 65 S. C. 222, 43 S. E. 665; *Lynch v. Spartan Mills*, 66 S. C. 12, 44 S. E. 93; *Epstin v. Berman*, 78 S. C. 327, 58 S. E. 1013; *Lentz v. Carolina Scenic Coach Lines et al.*, 208 S. C. 278, 38 S. E. (2d) 11.

It is sometimes difficult to determine whether an order granting or refusing a motion to make a pleading more definite and certain deprives a party of some substantial right so as to make it appealable before final judgment. We think, however, that the order appealed from in the instant case is of the same class as those held not to be appealable in the following cases: *Pickett v. Fidelity & Casualty Co., supra; Dawkins v. Columbia Electric Street Railway Co.*, 82 S. C. 166, 63 S. E. 746; *Pendleton v. Columbia Railway, Gas & Electric Co. et al., supra; Beard v. Paul Motor Co., Inc., et al., supra; Weldon v. Southern Railway Co. et al.*, 167 S. C. 526, 166 S. E. 723; *Spurlin v. Colprovia Products Co.*, 185 S. C. 449, 194 S. E. 332; *Arctic Ice & Coal Co. et al. v. Southern Ice Co. et al.*, 194 S. C. 60, 9 S. E. (2d) 38. The case of *Weldon v. Southern Railway Co., supra*, is particularly apposite.

To require the defendants in this case to furnish the information sought by plaintiff's motions will not deprive them of any substantial right. Although defendant J. B. Britton,

Jr., denies in his answer that he owned these two cows or that he sold them or authorized their sale, it appears from his answer that he was notified of the diseased condition of these two cows and has full information, not possessed by plaintiff, as to the "party" who quarantined them and the instructions given to such person. He is deprived of no substantial right in being required to designate the "party" in charge of said cows when quarantined and the person who gave him the instructions that the cows should not be sold except for slaughter. If he knows who owned the cows at this time, he is not deprived of any right in being required to state this fact; and if he does not know such owner, he may make an appropriate denial in his answer.

The defendants Ben Britton and Rembert Britton deny that they had any knowledge of the diseased condition of the two cows in question and allege that they "purchased cattle in good faith and sold the same in good faith." This is a rather general and indefinite allegation. These defendants are deprived of no substantial right in being required to state specifically whether they purchased or sold the two cows referred to in the complaint, and, if so, from whom and for what purpose they were purchased and to whom and for what purpose they were sold.

It is suggested in appellants' briefs that some of the facts which they are required to state are irrelevant and immaterial to the issues raised and any testimony relating thereto would be incompetent; but this is a matter that will be determined when the case is tried.

Nothing herein contained should be construed as an intimation of opinion upon the merits of this appeal. We only determine that the order of the Court below deprives appellants of no substantial right and is, therefore, not appealable before final judgment.

Appeal dismissed.

BAKER, C.J., and FISHBURNE and TAYLOR, JJ., concur.

STUKES, J., disqualified.